## MRS. P. O. GARRETT ET AL. V. W. R. MCCLAIN.

### Decided February 2, 1898.

**1. Deed—After Acquired Title—Estoppel.**

A conveyance of land, though it contain neither covenants of warranty nor the word grant, may be sufficient to pass to the grantee, by estoppel, a title subsequently acquired by the grantor.

**2. Vendor's Lien—Reservation of Title.**

A purchaser of land who assumes and pays off the purchase money notes given by his grantor to a former owner who has retained to secure them an express vendor's lien, can not be dispossessed by an earlier vendee of his grantor without being compensated for the money paid in discharge of such notes.

**3. Same—Prior and Subsequent Vendees—Discharge of Lien.**

A husband and wife, in contemplation of separation, conveyed to their children, the plaintiffs, for life, land held only by a tax title, which title was afterwards, by decree of court, vested in a third party, the true owner of the land, and from him the husband subsequently purchased it on credit, giving notes for which a vendor's lien was retained in the deed. Thereafter the husband sold the land to defendant in consideration of his assuming the lien notes, which he afterwards did. Held, that

though the deed to the husband inured by estoppel to the benefit of the children, the defendant, by his purchase and payment, became at least a lien holder in legal possession of the land, and could not be dispossessed by plaintiffs without their paying him the amount of the purchase money notes which he had discharged.

ERROR from Coryell.   Tried below before Hon. J. S. STRAUGHAN.

*Owens & Miller* and *Hawkins & Hawkins*, for plaintiffs in error.

*J. E. Walker* and *Alexander & Atkinson*, for defendant in error.

COLLARD, ASSOCIATE JUSTICE.—Suit in trespass to try title by plaintiffs in error, Mrs. P. O. Garrett, Mary E. Kirkpatrick, joined by her husband, W. B. Kirkpatrick, Claude H. Garrett, Ludie F. Garrett, and Paul Garrett, Andrew J. Garrett, Benjamin F. Garrett, and Corrilla F. Garrett, the last four being minors, by their next friend and mother, P. O. Garrett, against William R. McClain, defendant, to recover 173 acres of land described in the petition filed January 8, 1896.

By trial amendment plaintiffs alleged that on the 7th day of November, 1895, and many years prior thereto, plaintiff P. O. Garrett and J. B. Garrett were husband and wife, and that on the last named date they conveyed the land sued for in this cause to plaintiffs₁Claude Garrett, Mary Etta Garrett, Benjamin F. Garrett, and Corrilla F. Garrett, during their minority, stipulating that plaintiff P. O. Garrett have control of the land for the use of her coplaintiffs during their minority, and that title to the land should revert to the grantors, P. O. and J. B. Garrett, as the minors arrived at majority or should marry.  The grantees in the deed were the children of P. O. and J. B. Garrett, and the youngest one will not become 21 years of age until the —— day of ————, 1896; and further, that in the said deed of conveyance the grantors covenanted and bound themselves that neither of them should sell or convey said land until all of the conditions of the deed were fulfilled.   It is further alleged that at the date of the unlawful entry by defendant William R. McClain the plaintiffs were seized and possessed of the lands, holding the same in fee under said deed of conveyance, until all the said children should become 21 years of age or marry, which they aver has never yet happened, and the said children hold the land sued for in fee for a term, to wit, until all of them arrive at their maturity or marry; that their said estate is absolute for said term, and the said P. O. Garrett is seized of reversion in and to an undivided half of the land in fee at the termination of estate held by coplaintiffs, the same being community property when conveyed.   Prayer that this amendment be considered a part of original petition, and prayer for relief as in original petition.

January 20, 1896, defendant McClain answered by plea of not guilty, claim for improvements in good faith, itemizing the same, amounting to $535, and as a basis of the claim shows that he purchased the land from J. B. Garrett by deed with full warranty, paying $650 therefor, and a warranty deed from S. E. Norris;  that when he bought the land and

made the improvements he believed in good faith that he had a good and perfect title to the land, and still so believes; wherefore he prays that, if plaintiffs recover the land, he be allowed compensation for his improvements.

February 13, 1897, a jury being waived, the case was tried by the court and judgment rendered for defendant McClain, from which the plaintiffs have appealed.

The court below filed conclusions of fact, which we adopt as our findings of fact, which are as follows:

"1.   That J. B. Garrett and plaintiff P. O. Garrett were husband and wife, and that the other plaintiffs are the children of said J. B. and P. O. Garrett, of whom Paul, Andrew, Benjamin F., and Corrilla Garrett are minors.

"2.   That during the existence of the marital relations between the said J. B. and P. O. Garrett, the said J. B. Garrett acquired the land in controversy by purchase at tax sale, and obtained a tax deed therefor from the tax collector of Coryell County, Texas, on the 7th day of June, 1881, said land being sold at said sale and purchased by said J. B. Garrett, as the property of an unknown owner.

"3.   That on the 7th day of November, 1885, the said J. B. and P. O. Garrett, in contemplation of a separation, executed a conveyance as follows:

" '*The State of Texas, McLennan County.*—Know all men by these presents, that whereas we, J. B. Garrett and wife, P. O. Garrett, of said county and State, desiring to provide for the welfare and support of our hereinafter named children during their minority, and for and in consideration of one dollar, to us in hand paid, and the further consideration of the love we bear for the said children, we do, by these presents, sell and convey unto our said children, whose names are as follows: Claude H. Garrett, Mary Etta Garrett, Ludie Florence Garrett, Paul Garrett, Andrew J. Garrett, Benjamin F. Garrett, Corrilla Florence Garrett, in and during their minority and for their said special use during their said minority, the following described three pieces of land lying in Coryell County, Texas, and described as follows: [here follows the description by metes and bounds of the three tracts of land, one of which is the 173-acre tract in controversy], together with all the rights, privileges, and appurtenances to the same belonging, or in anywise incident or appertaining. To have and to hold unto the said above named children for the period of their said minority, aforesaid. On the arrival at majority of each one or at their marriage their said interest herein conveyed ceases and reverts to us. It is understood by us that we have no right to convey any part of the herein described land until the fulfillment of the conditions herein named. It is further herein understood and agreed that the wife, P. O. Garrett, has the care and management of said children named herein and the control of the lands herein conveyed for the said children's use during their minority, the said interest.

conveyed herein reverting to us as the children arrive at their majority or marry. Witness our hands, this 7th day of November, A. D. 1885.

(Signed)                          "'JACKSON B. GARRETT.

"'P. O. GARRETT.'

"This instrument was duly acknowledged on the same day of its execution and was filed for record and recorded in the county clerk's office of Coryell County, Texas, on the 8th day of December, 1885.

"4.  I further find that the land in controversy was patented by the State of Texas to W. Y. McFarland, assignee, on the 13th day of June, 1855.  That subsequently, by decree of the District Court of Bell County, Texas, the title to the land in controversy was divested out of the estate of W. Y. McFarland and was invested in S. E. Norris, which decree was duly recorded in the county clerk's office of Coryell County, Texas, in the year 1879.  That on the 11th day of December, 1885, by a decree of the District Court of Coryell County, Texas, in a suit in said court of S. E. Norris against J. B. Garrett, the title to said land was divested out of said Garrett and vested in said Norris.

"That afterwards, on the 16th day of December, 1885, S. E. Norris by warranty deed conveyed this land to J. B. Garrett for the consideration of $346, for which Garrett executed his two promissory notes, one for $230.67 and the other for $115.33, for the payment of which the vendor's lien was retained on the land.  These notes were afterwards transferred by S. E. Norris to C. L. Howard.

"That on the 24th day of January, 1889, J. B. Garrett, by warranty deed, duly signed and acknowledged and delivered, conveyed the land in controversy to defendant W. R. McClain; that the consideration passing from the defendant McClain to J. B. Garrett for said land was the assumption by McClain of the two notes executed by Garrett to S. E. Norris and transferred to C. L. Howard, and the further sum of $234.87.  And I further find that prior to the institution of this suit defendant McClain had fully paid the purchase price of said land, including the two J. B. Garrett notes transferred to C. L. Howard; and I further find that releases of the vendor's lien on the land in controversy had been duly made by S. E. Norris, J. B. Garrett, and C. L. Howard in favor of defendant W. R. McClain.

"I further find that J. B. Garrett was unable to pay said two notes given for the purchase price of said land, and that the controlling consideration in his sale of the land to McClain was that said McClain should assume and discharge said indebtedness evidenced by said notes of $230.67 and $115.33 given by Garrett to Norris.

"5.  I further find that at the time of the purchase and conveyance of the land in controversy by defendant McClain, the same was wholly unimproved; that defendant had the adverse possession of said land for at least one year next before the bringing of this suit, and that during his said possession he made permanent and valuable improvements thereon of the value of $530, and that defendant had such possession and made

said improvements in good faith, believing that he had good title to said land. I further find the value of said land without said improvements to be $519."

In addition to the foregoing, we find that plaintiff P. O. Garrett and J. B. Garrett were divorced as man and wife in 1893. The deed of Norris to J. B. Garrett expressly reserved a lien on the land conveyed to secure the purchase money notes, at the time executed by Garrett, as did also the notes. The deed of J. B. Garrett to McClain also retained in express terms the vendor's lien on the land, as did the notes executed by McClain to secure the payment of the purchase price. We find that the improvements made by McClain on the land were made in good faith, believing he had a good title to the land.

*Opinion.*—We do not agree with the court that the deed to Garrett by Norris would not inure to the benefit of the children of Garrett as to his interest in the land acquired from Norris. The deed of J. B. and P. O. Garrett to their children purports to convey the land for the period named and was absolute for such period. Lindsey v. Freeman, 83 Texas, 263. The word "grant" was not used in the conveying clause, nor was it in the deed discussed in Lindsay v. Freeman, supra, nor was there a covenant of general warranty—at least, such fact did not appear in the case cited; and it was decided that the after-acquired title would inure to the benefit of the former conveyance by estoppel. But we can not see that this would be of any benefit to the plaintiffs, because J. B. Garrett acquired no title to the land by his deed from Norris, as he paid no part of the purchase money, the lien for the purchase price being retained in the notes and the deed. Mrs. Norris still had the superior title to the land until the purchase price was paid.

McClain having, according to his contract with J. B. Garrett, paid the purchase money notes due to Norris, became at least a lienholder, in legal possession of the land, and he could not be ousted at the suit of plaintiffs, without their paying him the amount due on the purchase money notes. Hicks v. Morris, 57 Texas, 658; Land and Loan Co. v. Blalock, 76 Texas, 85; Loving v. Milliken, 59 Texas, 427; Calhoun v. Lumpkin, 60 Texas, 190; Rodriguez v. Haynes, 76 Texas, 232; Duke v. Reed, 64 Texas, 715. Plaintiffs could not recover the land from defendant in possession without first discharging the lien held by him.

This is sufficient to sustain the judgment of the court below, and it is affirmed.

*Affirmed.*