**WEAVER v. DRAKE et al.**

No. 10787—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**1. Deeds — Wills—Estate Conveyed — Presumptions.**

Every estate in land which shall be granted, conveyed, or demised by deed or will, shall be deemed an estate in fee simple and of inheritance, unless limited by express words. (Section 1214, Comp. Laws. 1909; section 1175, Rev. Laws 1910.)

**2. Estoppel—Estoppel by Deed—Fee-Simple Title.**

The grantor of an estate in fee simple may thereafter be estopped from denying that he conveyed such an estate, and this on the principle that when a man has by his deed averred or affirmed or covenanted, or by his act admitted that a fact is true, he shall not afterward be permitted to deny or contradict or disprove it.

**3. Appeal and Error—Equity Case—Findings—Evidence.**

In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence. Where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general finding.

**4. Estoppel—Estoppel by Deed—After-Acquired Title.**

Whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument, by way of recital or averment, that he is seised or possessed of a particular estate in the premises, and which estate the deed purports to convey; or, what is the same thing, if the seisin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seised and possessed at the time he made the conveyance. The estoppel works upon the estate and binds an after-acquired title as between parties and privies.

**5. Same.**

Where the deed recites or affirms, expressly or impliedly, that the grantor is seised of a particular estate which the deed purports to convey, and upon the faith of which the bargain was made, he will be thereafter estopped to deny that such an estate was passed to his vendee, although the deed contains no covenant of warranty at all. And the rule accords with common honesty and fair dealing.

**6. Attorney and Client—Validity of Contingent Fees—Conveyance of Land—Trusts.**

The right to hold the attorney as trustee does not extend to one purchasing from the client under the facts in this case.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Lillie S. Weaver against R. C. Drake, Naomi C. Kerns, and others, to quiet title. From judgment decreeing title in a certain 30-acre tract in the defendant R. C. Drake, and a certain oil and gas mining lease thereon to the defendant Naomi C. Kerns, plaintiff brings error. Affirmed.

Bond & Kolb, for plaintiff in error.

Womack & Brown and Drake & Drake, for defendant in error R. C. Drake.

E. G. Nelson, for defendant in error Mrs. Kerns.

HIGGINS, J. The 30 acres involved in this controversy was the homestead allotment of Mattie Bacon, daughter of Daniel Bacon, who died October 5, 1904. On December 27, 1910, plaintiff, while in possession thereof and claiming title thereto, together with others, deeded this 30 acres to J. W. Teams, Jr., under the following instrument:

"Know All Men by These Presents:

"That William I. Gilbert and Lucy Gilbert, husband and wife, and John A. Weaver and Lilly S. Weaver, husband and wife, parties of the first part, in consideration of the sum of two thousand, two hundred fifty ($2,250.00) dollars in hand paid, the receipt of which is hereby acknowledged, do hereby grant, sell and convey unto J. W. Teams, Jr., party of the second part, the following real property and premises situate in Stephens county, state of Oklahoma, to wit:

"The east half of the northwest quarter of the northeast quarter and southwest quarter of the northeast quarter of the northeast quarter, section 8, township 1 south, range 7 west, containing thirty (30) acres.

"Together with all the improvements thereon and the appurtenances thereto belonging.

"To have and to hold said described premises unto the said party of the second part, his heirs and assigns forever, free, clear and discharged of and from the claims of all persons whomsoever claiming by, through or under us, or either of us.

"Signed and delivered this 27th day of December, 1910.

"W. I. Gilbert,
"Lucy Gilbert,
"John A. Weaver,
"Lillie S. Weaver."

Sometime thereafter the defendant R. C. Drake commenced suit, as attorney for Daniel Bacon, to recover the interest, if any he had, of Daniel Bacon in the Mattie Bacon allotment comprising something in excess of 100 acres and including this particular 30-acre tract, under a contract providing for a 50 per cent. contingent fee, but which contract was later modified to provide for the

30-acre tract in controversy herein as attorney fee, in lieu of the 50 per cent. Daniel Bacon thereafter, on August 3, 1917, without notice to his attorney, sold to Minnie Savage, agent of the plaintiff, his claim to all the lands involved in the suit, and Minnie Savage, on October 6, 1917, deeded to plaintiff. Defendant R. C. Drake holds quitclaim deeds from A. N. Wise, devisee of J. W. Teams, Jr., and Naomi C. Kerns, devisee of A. N. Wise, under deeds of September 8, 1916, and August 24, 1916, respectively.

The material errors assigned are that the trial court erred in finding and holding that the conveyance of October 27, 1910, recited herein vested any interest thereafter acquired by the plaintiff, Lillie S. Weaver, in said lands; that the quitclaim deeds executed August 24, 1916, by Naomi C. Kerns to R. C. Drake and on September 8, 1916, by A. N. Wise to defendant R. C. Drake operated to vest in said R. C. Drake an interest in lands thereafter acquired by plaintiff, Lillie S. Weaver; that the oil and gas mining lease executed on August 24, 1916, by defendant R. C. Drake to defendant Naomi C. Kerns was a good and valid oil and gas mining lease on said lands, and that the said R. C. Drake had full and complete authority to execute and deliver the same; that, although the relation of attorney and client existed between defendant R. C. Drake and Daniel Bacon by reason of an action filed and then pending in the district court of Stephens county, Oklahoma, involving the lands in this action, at the time of the execution and delivery of the conveyances from the said Naomi C. Kerns and A. N. Wise to the said R. C. Drake, the title thereby conveyed by the said grantors of the defendant R. C. Drake did not inure to the benefit of his client's grantee, Lillie S. Weaver.

The questions material to dispose of the foregoing assignments and for the determination of this case are: Did the conveyance of December 27, 1910, recited herein, convey any interest which might thereafter be acquired in the lands involved herein by the plaintiff, Lillie S. Weaver? And could the defendant R. C. Drake acquire the interests of the grantors of the plaintiff, Lillie S. Weaver, in said lands under the deed of December 27, 1910, while acting as attorney for Daniel Bacon in a suit involving title to these and other lands?

If the deed of December 27, 1910, is, as plaintiff contends, a mere quitclaim deed purporting to convey only the then interests of the grantors, and the plaintiff was not then seised of the lands in controversy and

thereafter became seised thereof, she might not be estopped from setting up the title thereafter acquired. But such does not appear to be the case. The plaintiff and others had apparently conveyed to J. W. Teams, Jr., under the belief that they had a fee-simple title and for a consideration which is not shown to have been less than the then value of the land. The burden is therefore upon them and not upon the defendant of proving that this conveyance was a mere quitclaim deed, and unless it appears upon the face of the instrument that it is a quitclaim deed, the presumption will be to the contrary. Section 1214, Compiled Laws 1909 (sec. 1175, Rev. Laws 1910), provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

See Brady et al. v. Bank of Commerce of Coweta et al., 41 Okla. 473, 138 Pac. 1020.

The grantor of an estate in fee simple may thereafter be estopped from denying that he conveyed such an estate, and this on the principle that when a man has by his deed averred or affirmed or covenanted, or by his act admitted that a fact is true, he shall not afterwards be permitted to deny or contradict or disaprove it. Bell v. Twilight, 26 N. H. 411; Lindsay v. Freeman, 83 Tex. 263, 18 S. W. 727.

In T. & P. R. Co. v. El Paso & N. E. R. Co. (Tex. Civ. App.) 156 S. W. 561, 564, it is said:

"* * * In case it is doubtful whether the grantor intended to convey the premises or merely its right or chance of title, it became a question of fact to be determined in the light of the surrounding circumstances. Threadgill v. Bickerstaff, 87 Tex. 520, 29 S. W. 757; Harrison v. Boring, 44 Tex. 255; Breen v. Morehead (Tex. Civ. App.) 126 S. W. 650. This issue of fact by the trial court was resolved against appellant, and the deed will be treated as a conveyance of the property therein described, rather than a quitclaim."

In an equitable action in this jurisdiction presumption is in favor of the finding of the trial court, and same will not be set aside unless clearly against the weight of the evidence. Town of Rush Springs v. Bentley, 75 Okla. 119, 182 Pac. 664; Bilby v. Stewart, 55 Okla. 767, 153 Pac. 1173. Where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general finding. Jackson v. Bates, 69 Oklahoma, 170 Pac. 897; McKenna v. Terry Const. Co., 53 Okla. 202, 155 Pac. 1158.

In Lindsay v. Freeman (Tex.) 18 S. W. 727, the court said:

"It does not appear from the record whether or not the deed contains a covenant of warranty. We apprehend that it does not, and thus treat it. The question then arises, Is this conveyance such as to pass by estoppel, against the grantors to the grantee, Graves, and to his assignees, any title in the land subsequently acquired by the grantor? If such be its effect, the errors complained of will not require a reversal of the judgment. Article 999 of Paschal's Digest, in force when the deed in question was executed, provided that 'every estate in lands which shall hereafter be granted, conveyed or devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law.' Construing, therefore, the instrument in question in the light of this provision, the grantors must be held to have intended to convey to Benjamin F. Graves an estate in fee simple. A less estate was not limited by express words, nor appear to have been conveyed by construction or by operation of law. The intention of the grantors to convey an estate in fee simple thus appears upon the face of the instrument. This instrument is not a mere quitclaim or a release or a conveyance of the right, title or interest which the grantors then had. It purports to convey the land and land certificates, and, purporting to convey them in fee simple, it purports to convey an absolute, indefeasible title. It is such an instrument as would protect a bona fide purchaser. If the grantors, the Owery sisters, did not possess the estate which the deed purports to convey, nevertheless, as it was their clear intention, shown by the deed, to convey a fee simple, they and their privies, whether in blood, in estate or in law, are estopped to claim by an after-acquired title, though the deed contains no warranty. The language in the deed whereby the grantors convey the fee-simple estate in the land, constitutes a recital which imports an assertion by them that they are the owners in fee simple of the land; and having asserted the fact of their ownership, the grantors are estopped to deny such fact."

In 35 L. R. A. (N. S.) 1184, note, it is said:

"It follows that the rule of nonestoppel is only applicable to a deed of bargain and sale by release or quitclaim, in the strict and proper sense of that species of conveyance. And therefore, if the deed bears on its face evidence that the grantors intended to convey, and the grantee expected to become invested with, an estate of a particular description or quality, or that the bargain had proceeded upon that footing between the parties, then, although it may not contain any covenants of title in the technical sense of the term, still the legal operation and effect of the instrument will be as binding upon the grantor and those claiming under him, in respect to the estate thus described, as if a formal covenant to that effect had been inserted; at least, so far as to estop them from ever afterwards denying that he was seised of the particular estate at the time of the conveyance. Von Rensselaer v. Kearney, 11 How. 297, 13 L. Ed. 703; Clark v. Baker, 14 Cal. 612, 76 Am. Dec. 449; Habig v. Dodge, 127 Ind. 31, 15 N. E. 182; McAdams v. Bailey, 169 Ind. 518, 13 L. R. A. (N. S.) 1003, 124 Am. St. Rep. 240, 82 N. E. 1057; Hagensick v. Castor, 53 Neb. 495, 73 N. W. 932; Hannon v. Christopher, 34 N. J. Eq. 465; Jackson ex dem. Varick v. Waldron, 13 Wend. (N. Y.) 178; Kinsman v. Loomis, 11 Ohio 475; Lindsay v. Freeman, 83 Tex. 263, 18 S. W. 727; Garrett v. McClain, 18 Tex. Civ. App. 245, 44 S. W. 47; Breen v. Morehead, (Tex. Civ. App.) 126 S. W. 650; Reynolds v. Cook, 83 Va. 817, 5 Am. St. Rep. 317, 3 S. E. 710."

In Van Rensselaer v. Kearney et al., 11 How. 295, 324. Mr. Justice Nelson, speaking for the Supreme Court of the United States, said:

"The principle deducible from these authorities seems to be that, whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument, by way of recital or averment, that he is seised or possessed of a particular estate in the premises, and which estate the deed purports to convey; or, what is the same thing, if the seisin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seised and possessed at the time he made the conveyance. The estoppel works upon the estate, and binds an after-acquired title as between parties and privies."

For further annotations on the foregoing case, see Rose's Notes, vol. 4, page 353.

In Reynolds v. Cook, 83 Va. 817, 5 Am. St. Rep. 317, 319, it is said:

"The rule is well established that where the deed recites or affirms, expressly or impliedly, that the grantor is seised of a particular estate which the deed purports to convey, and upon the faith of which the bargain was made, he will be thereafter estopped to deny that such an estate was passed to his vendee, although the deed contains no covenant of warranty at all. And the rule accords with common honesty and fair dealing."

See, also, Maupin on Marketable Title to Real Estate (2nd Ed.) sec. 208; Devlin on Deeds, sec. 950; Rawles on Covenants (5th Ed.) sec. 247.

We think that the trial court did not err in holding that plaintiff had no title which she could assert to the lands deeded by her to J. W. Teams, Jr., by the instrument of December 27, 1910, by reason of the conveyances recited in the record from various persons claiming to be the heirs of Mattie Bacon, and that she is estopped from setting up after-acquired title to the lands conveyed by the deed of December 27, 1910.

It then remains to determine whether the title acquired by defendant R. C. Drake to the lands in controversy, while acting as attorney for Daniel Bacon, is superior to the claim of plaintiff, Lillie S. Weaver. Plaintiff contends that defendant Drake, having acquired title while acting as attorney for Daniel Bacon, now holds in trust for her as his grantee.

The right to hold the attorney as trustee does not extend to one purchasing from the client with full knowledge of the facts. as was the case herein. 6 C. J. 683; Cowan v. Barret. 18 Mo. 257. Moreover, the land is claimed by tne defendant under a contingent agreement with his client, which agreement is not denied by the client. Contingent fees are in this state permitted by statute. Section 240, Rev. Laws 1910. Their validity is generally sustained and such fees are enforceable. Allen v. Shepherd, 69 Oklahoma, 169 Pac. 1115; Culver v. Diamond, 64 Oklahoma, 167 Pac. 223; Herman Const. Co. v Wood, 35 Okla. 103, 128 Pac. 309; 6 C. J. 740; 2 R. C. L. 1039.

What has been said as to the foregoing disposes of the other errors assigned by the plaintiff.

There appears to be merit in the contention made by the defendants that plaintiff failed to show that she was not seised of the lands at the time of her deed of December 27, 1910, or that she had thereafter acquired title to said lands, but what has heretofore been said makes it unnecessary to determine this contention.

For the reasons stated, the judgment of the trial court is affirmed.

. RAINEY, C. J., and HARRISON. KANE, PITCHFORD, JOHNSON, McNEILL, BAILEY, and RAMSEY, JJ., concur.