FINE v. H. & H. PIONEER SAVINGS STAMP CO.

No. 30507. Dec. 1, 1942.

Rehearing Denied Jan. 5, 1943.

132 P. 2d 935.

Worth B. McCauley and Albert D. Lynn, both of Oklahoma City, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, for defendant in error.

PER CURIAM. On the 22nd day of May, 1940, L. M. Fine, hereinafter called plaintiff, filed his action against the defendant, H. & H. Pioneer Savings Stamp Company, a corporation, seeking to rescind a contract and to recover damages for the breach thereof. This contract involved the mutual distribution of what is known as pioneer saving stamps. This is a trade arrangement by which purchasers at mercantile establishments in Oklahoma City secure certain evidences of purchases made at the establishment which are redeemable on the terms controlled by the defendant.

The petition, in effect, sought: (1) to cancel the contract for breach of conditions agreed to by the defendant; (2) to recover certain funds expended during the operation of the contract for the purchase of books of stamps; (3) to recover certain funds expended by the plaintiff, Fine, in the redemption of stamps sold to his customers.

In an answer and cross-petition defendant sought recovery of $322.50 for stamps supplied during the term of the contract which the defendant claimed plaintiff never paid. A trial to the court, a jury being waived, resulted in a judgment for the defendant on plaintiff's cause of action and a judgment for defendant for $322.50, the amount sued for in the answer and cross-petition.

At the conclusion of the trial, on request, the court made findings of fact, the essential portions of which are incorporated in the judgment as above stated. Plaintiff has appealed, and the five assignments of error presented in the brief in as many propositions attack the judgment of the court. The assignments will be noted in order after a brief statement of the facts.

Plaintiff at the time the contract was signed was operating a place of business in the 2100 block N. W. 23rd street. The contract entered into June 15, 1939, described the exclusive territory of plaintiff so far as material to a discussion herein as south to 12th street, north to 39th street and west to May avenue, with an exclusion term respecting one merchant.

The first proposition of the plaintiff is that there was a material breach of the contract in the sale of stamps to the Wimbish Grocery and to the Williamson Grocery. It is admitted by the defendant that both of these grocery stores are in the territory covered by the exclusive contract of the plaintiff. Defendant admits frankly that it breached the terms of the contract by the sale of stamps to the Wimbish Grocery. It attempts to explain this breach by stating that the original contract had been entered into by the plaintiff and the agent of the defendant, one F. Van Valkenburg; that the defendant's president and general manager failed to check the territory

when it granted the contract to the Wimbish Grocery. Defendant explains the sale of the stamps to the Williamson Grocery by offering proof of a substitution of the Williamson Grocery for the Royal Food Store, the merchant excepted in the original contract. It is admitted that the contract did not provide for a substitution in the place of the Royal Food Store, but it is the contention of the defendant that it had a right under its contract to substitute the Williamson Grocery for the Royal Food Store. The defendant contends, and offered evidence to disclose, that soon after plaintiff learned of the breach of the contract plaintiff came to the defendant and disclosed his dissatisfaction because of the sale to these two grocers. Defendant then offered to cancel the contract of these grocers, but plaintiff declined to demand a cancellation. It is the claim of the defendant that thereupon, and as a part of the consideration and adjustment of their differences, plaintiff and defendant entered into an agreement permitting plaintiff to purchase the stamps at $11.25 a book, whereas theretofore he had been paying $12.50. It is the contention of the plaintiff, and he offered proof of such fact, that any reduction in the price of stamps to $11.25 per book was made in consideration of a demand of other grocers for reduction and an adjustment between himself and the defendant over a dispute as to the sale of stamps for less than the $12.50 to other merchants in plaintiff's immediate locality, and that the adjustment of the price of stamps between the plaintiff and defendant had nothing to do with the adjustment of the differences over the breach of the contract by the defendant in its sale of the stamps to the above-named merchants.

The court concluded as a matter of law that the sale of these stamps to the above-named merchants was a minor and not a material breach of the contract, and that the breach thereof was later adjusted as claimed by the defendant. Defendant offered evidence to disclose that it at all times did redeem stamps of any customer of the plaintiff and that the redemption thereof by the plaintiff was unnecessary and unjustified.

The finding that after the plaintiff complained that Williamson and Wimbish had contracts within his territory plaintiff and defendant adjusted their differences is reasonably supported by the evidence. The statement in the finding of fact that the sale to these two merchants is a minor breach is inadvertent. In the language of the president and business manager of the defendant the plan for the sale of the stamps is a system of business promotion designed to increase sales and encourage collections prior to the 10th of the month and to create customers' good will. One of the chief, if not its chief consideration to the plaintiff was the provision for exclusive territory. To hold that a breach of this provision is minor is clearly erroneous (Kansas City Pants & Shirt Co. v. Cohlmia, 138 Okla. 151, 280 P. 611); but the same authority holds that the right to rescind upon a material breach of a similar contract must be exercised promptly. To the same effect see Putnam City Co. v. Minnetonka Lumber Co., 95 Okla. 149, 218 P. 1061. The evidence reasonably tends to disclose that the plaintiff and defendant adjusted any former breach thereof according to the statement of C. G. Harston, president and manager of the defendant company. There is other evidence than his own statement. Plaintiff Fine undoubtedly obtained stamps at a less price than contracted. Both plaintiff and defendant explained this in their own way, plaintiff saying that it was because of complaint that a filling station was getting stamps at a less rate and that thereupon defendant agreed to furnish him stamps at the same price the filling station was paying. The defendant as above shown explained the adjustment as being directly related to the plaintiff's complaint of the contracts made and entered into with the above-named merchants. Each party has given his own explanation of the breach of the contract and the subsequent adjustment. The trial court was apparently impressed with the explanation made by the defendant. We cannot say that the finding of the trial court is

clearly against the weight of the evidence.

,This is the chief conflict in the testimony. We think it the only important issue in the case. Several other assignments are discussed. Among them it is stated that the court erred in finding that the parties cannot be placed in status quo. Since the court was justified in finding as a matter of law from the evidence that by the subsequent proceedings the parties adjusted the differences occasioned by the breach, this finding of fact becomes immaterial. Defendant attempts to rely upon Putnam City v. Minnetonka Lumber Co., supra, and show that the parties could not be placed in status .quo. The statement above made likewise disposes of the necessity of discussing this proposition.

The remaining assignments are all based and grounded upon the alleged error of the trial court in refusing to rescind the contract. As above stated, this was a question of fact for determination by the trial court, and it is a well known rule that where in a case of equitable cognizance the finding and judgment are not clearly against the weight of the evidence, said judgment will not be disturbed on review. Putnam City Co. v. Minnetonka Lbr. Co., supra; Weaver v. Drake, 79 Okla. 277, 193 P. 45; Black v. Donelson, 79 Okla. 299, 193 P. 424; Wyatt v. Shackelford, 79 Okla, 325, 193 P. 427; and Potter v. Ertel, 80 Okla. 67, 194 P. 201.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.