PILGRIM VS MCINTOSH ET AL.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 858).

1. *Guardian—Lease.*

A lease made by a natural guardian, who has neither submitted herself nor her actions to the court, nor given bond, nor obtained an order for making the lease, is void.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, September 27, 1906.

Suit by Robert Pilgrim against Jackson McIntosh, as guardian, and another, as United States Indian agent. From a decree dismissing the bill, and for costs and damages, plaintiff appeals. Reversed, and remanded with directions.

*Watkins and Burlingame,* for appellant.

*W. S. Wolfenberger*, for appellees.

CLAYTON, J.   This is an action in equity, brought by the appellant, to enjoin the appellees, John McIntosh, as guardian, and Dana H. Kelsey, as United States Indian agent, from interfering with the plaintiff and his possession of the lands named in the complaint, and enjoining and restraining them, their agents and attorneys, from dispossessing the plaintiff of said lands and of the crops thereon grown.   The defendant, Jackson McIntosh, is the father of the minors whom he represents in the case as guardian, duly appointed by the proper court on March 7, 1906.   Prior to December 22, 1902, he (McIntosh) had been convicted of a crime and sentenced to the penitentiary at Fort Leavenworth, Kan., where he was confined at the time the lease heretofore mentioned was executed. His wife, Susie McIntosh, now Ford, brought suit against him for divorce upon constructive service.   No copy of the complaint was served on the warden of the penitentiary, or any other personal service had.   The suit terminated in a decree for a divorce, with an order awarding the custody of the children now defendants, McIntosh's wards, to her.   The lands over which this suit has arisen are the allotments of these children. Mrs. McIntosh, after the decree of divorce, and before the execution of the lease, married one Henry Ford, and, assuming to be the natural guardian of the children, and by virtue thereof, executed to the plaintiff a five-year improvement lease on the premises of the minors.   She had not at that time, nor has she yet, submitted her guardianship to the courts.   She has neither petitioned the court for leave to lease, nor has she obtained any order to lease.   She has filed no bond, as required by law, nor has she submitted her lease for the approval of any tribunal having authority to do so.   There was an answer and cross-bill filed.   The appellant, plaintiff below, contends that under the foregoing facts Mrs. Ford was the natural guardian of the children during the time her first husband was serving

his sentence in the penitentiary, at which time the lease was executed; that being a married woman did not affect her rights as guardian; and that as such natural guardian she was empowered by law to execute the lease, and that the execution of it, as such guardian, without bond or order or confirmation of the court, was legal and conveyed a leasehold estate to plaintiff. The court below, taking a different view of the case, dissolved the temporary injunction that it had theretofore granted, dismissed the bill, and entered a decree on the injunction for costs, and $450 damages.

If it be conceded that a married woman may lawfully act as a guardian, and that the fact that her husband, the father of the children, being in a penitentiary at the time serving a sentence, conferred upon her, for the time being, the position of a natural guardian to their children, giving to her all legal rights of that position, yet, unless she submit herself and her actions to a court having jurisdiction, and execute bond, if so ordered, and procure an order to lease, and when executed have the same confirmed, the lease is void. In the case of Indian Land & Trust Co. vs Shoenfelt, 5 Ind. Ter. 41, 79 S. W. 134, we have so held. The point here involved was in that case squarely presented and decided by us. In that case we held that "the land having been leased by the natural guardian without any direction or order of the court having been asked for or granted, and no confirmation or ratification of the act of the guardian having been had by the court, the lease is void and was not obtained in conformity with law." On appeal from this court to the Circuit Court of the Eighth circuit that case was reversed, not on the ground, however, that the point of law here raised was error, but because in that case there was a general demurrer to the complaint filed, and the Circuit Court of Appeals held that it ought to have been sustained on the ground that the complaint stated no grounds of equity jurisdiction, that the remedy was at law if at all,

and ordered the complaint dismissed without prejudice to an action at law. As stated, the complaint in that case is identical with this, but in that case there was a demurrer filed and no answer. In this case there was no demurrer filed, but there was an answer and cross-bill. The answer admitted the defendant, McIntosh, was the father of the minors and their appointed guardian, and that they were the owners of the land, and denied that plaintiff was entitled to the premises, or that defendants were indebted to him. The cross-bill is as follows: "Defendant for his cross-bill states the facts to be that all of said improvements were made by plaintiff for the sole purpose of protecting and shielding his property and at his own expense, and for the protection of his property and his family. Defendant states that plaintiff is indebted to the estate of said minors in the full sum of $2,400, and for four years' rent, for 200 acres of land at $3 per acre, and the further sum of $240 for 120 acres at 50 cents per acre. Defendant as guardian of the minor heirs aforesaid states that Robert Pilgrim is a non-citizen, and is holding said land without right, to the damage of the aforesaid minors in the full and just sum of $2,640, for which the defendant asks judgment; that the defendant as guardian as aforesaid may be put in peaceable possession of said land so described in plaintiff's complaint, for all costs and for all other and further relief as may seem right in the premises."

It will be observed that the answer and cross-bill present no ground for equitable relief; and therefore as neither the complaint, answer, nor cross-bill present any equity to be administered by the court, it is, as a court of equity, without jurisdiction, unless its jurisdiction is saved by the statute. The sections of Mansfield's Digest relating to this matter are as follows:

"Sec. 4925. An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings

by an amendment in the pleadings and a transfer of the action to the proper docket.

"Sec. 4926. The error mentioned in the last section may be corrected by the plaintiff without motion at any time before the defendant has answered, or afterward, on motion in court."

"Sec. 4928. The defendant shall be entitled to have the correction made in the following cases: First. When the action has been commenced by equitable proceedings the defendant, by motion made at the time of filing his answer, may have them changed into proceedings at law when it appears that, by the provisions of section 4919, the plaintiff should have adopted proceedings at law, unless his answer presents an equitable defense."

Sections 4925 and 4926 provide the method the plaintiff may adopt when he has erroneously brought his suit at law or in equity. In this case he did not erroneously bring his suit in equity. If he had any cause of action at all, it was an equitable one. It was an injunction that he sought, restraining the defendant from a contemplated wrong. And his complaint stated no action at law, because the wrongful act had not yet been done. No damages had yet been sustained. His action at law was not ripe. It did not exist, and possibly never would. And therefore, the complaint stating neither an equitable nor a legal cause of action, it could not on motion of the plaintiff be changed to the law side of the docket, or be proceeded with in equity. The complaint presents no facts to sustain either a decree in equity or a judgment at law. Section 4928 prescribes the grounds, as well as the methods, to be pursued, when the defendant may be entitled to have a cause of action changed from equity to law, or from law to equity; and by a careful reading of the section it will be observed that the defendant can have a change from equity to law only when the action has been commenced by equitable proceedings, when it appears that the plaintiff should have adopted proceedings at law, and

not then if his answer presents an equitable defense. There is no provision of the statute that gives the defendant the right to interpose a legal defense and have it removed to equity, because equity having obtained jurisdiction will reach out and settle all of the controversy, equitable or legal, presented by the pleadings; and in a case where the action is brought in equity without setting up any legal cause of action, and there is no equity in his bill, the defendant cannot set up in his answer or cross-bill simply a legal defense or cause of action, because the statute provides no method by which such a case may be transferred to the law side of the docket, and if tried in equity the plaintiff would be deprived of his right of trial by jury in a case presenting only a legal cause of action. It would be otherwise if there were equities in the bill.

Therefore, as the court of equity has obtained no jurisdiction by the averments of the complaint, or of the answer and cross-bill, and as there are no legal methods whereby the legal grounds set up in the cross-bill can be changed to the law side of the docket, we think, following the decision of the Circuit Court of Appeals for the Eighth circuit in the case of Indian Land & Trust Co., supra., both the complaint and cross-bill should have been dismissed, without prejudice to an action at law.

Reversed and remanded, with directions to the court below to dismiss the complaint and cross-bill without prejudice.

GILL, C. J., and TOWNSEND and LAWRENCE, JJ., concur.