BECK *et al.* v. JACKSON *et al.*

No. 890, Ind. T.   Opinion Filed   May 12, 1909.

(101 Pac. 1109.)

INDIANS—Improvements on Allotment—Contract by Indian—Validity. A contract entered into subsequent to the passage of the Curtis Bill (Act Cong. June 28, 1898, c. 517, 30 Stat. 495), and prior to the Creek Treaty of 1901 (Act Cong. March 1, 1901, c. 676 31 Stat 861), purporting to bind certain infants for the purchase price of improvements upon lands in the Creek Nation taken by them as allotments, executed by their natural guardian, who did not submit himself or his actions to a court having jurisdiction, is void as to such infants.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Suit By Leonard G. Beck and others against Lizzie Jackson and others. Judgment for defendants, and plaintiffs appeal. Affirmed, with direction.

*Thomas H. Owen* and *De Roos Bailey,* for appellants.

*George C. Butte, Robert J. Boone,* and *Garfield Johnson,* for appellees.

KANE, C. J.    This was a suit in equity, commenced in the United States Court for the Western District of the Indian Territory, at Muskogee, by Leonard G. Beck in his own behalf, Odus Beck, Gertie Beck, Otto Beck, and Fannie Beck, minors by their father and next friend, Leonard G. Beck, and Coney Murphy, as plaintiffs, against the appellees, Lizzie Jackson, Lena Jackson, and Nettie Jackson, minors, Isaac J. Gossett, Mollie Gossett, Joseph Jackson, as the natural guardian of Lizzie, Lena and Nettie Jackson, minors, ———— Woodruff, and J. Blair Shoenfelt, United States Indian agent, defendants.    The complaint states the facts, in substance, as follows:    That Lizzie M. Miller, who was not a party to the suit, and the plaintiff Leonard G. Beck, are the father and mother of the plaintiffs Odus, Gertie, Otto, and Fannie Beck who are minors; that said Lizzie Miller and said Odus, Gertie, Otto, and Fannie Beck are all citizens by blood of the Creek Nation, and are on the roll as such; that in 1899 they owned the improvements on certain lands situated in the Creek Nation; that at about that time the Dawes Commission held that they were not entitled to allotments in said nation, but were entitled to allotments in the Cherokee Nation, and advised them to sell said improvements, which they did on the 1st day of March, 1899, the contract of sale being reduced to writing on the 2d day of January, 1900.    By the terms of said contract Leonard G. Beck undertook to sell said improvements to Isaac J. Gossett and Mollie Gossett, husband and wife, for themselves and as parents and natural guardians of Daisy, Lizzie, Nettie, and Lena Jackson, all citizens of the Creek Nation.    This contract was "entered into between Leonard G. Beck, of Coweta, Ind. T., and Isaac J. Gossett and Mollie Gossett, husband and wife, for themselves and as parents and natural guardians of Daisy Jackson, Lizzie Jackson, Nettie Jackson, and Lena Jackson, minors, for whom said Isaac J. and Mollie Gossett also contract."

The consideration for the improvements, by the terms of the contract, was to be $5,000, and for the payment thereof said Beck was to have the use of the land upon which they were situated for a period of 10 years from January 1, 1899, at an agreed price of $500 a year, and until the full purchase price for said improvements was paid the said Beck was to have the absolute use and control of said land during the entire period until the full purchase price was paid. The interest of said Beck was not to extend to the right to sell, dispose of, or in any way incumber the title to said land, but was to only extend to the use of said lands in order to secure the payment of the purchase price of the improvements thereon. It was further agreed that said Gossetts would file upon said improved lands and take the same for their allotments under any and all laws providing for the same, and that, in case any of said lands should be filed upon by other parties before said Gossetts filed upon the same, they would contest all such filings by other persons in order to secure for themselves the premises in question as and for their allotments. It was further provided, in substance: That said Isaac J. Gossett and Mollie Gossett for themselves and for said minor children would bind themselves for the purchase price of said improvements, and agree each for themselves, and for the others, that in case said Beck should be precluded from the use and occupancy of said premises for the full period thereof, or should fail to receive the full purchase price of said improvements by reason of the loss of such use and occupancy, or by reason of the rents and profits of said premises (in case he loses their use and occupancy) not being in amount equal to $5,000 they would bind themselves to pay the same out of any and all property which they may own or be entitled to until after the purchase price therein agreed upon should be paid; that, in case it should be found under proceedings judicial or otherwise that said minors are not liable for such purchase price of said improvements, they, Isaac J. Gossett and Mollie Gossett, bind themselves to make payment of the same.

The contract was signed by Mollie Gossett, J. B. Campbell,

J. T. Lipscomb, Isaac J. Gossett, and L. G. Beck. There were further allegations, in the complaint, to the effect: That said contract, by oversight or mistake, was made in the name of the plaintiff L. G. Beck, when in truth and in fact it was intended for the benefit of the other plaintiffs herein; the said L. G. Beck in said transaction acting as agent and guardian of said other plaintiffs. That under the contract the said L. G. Beck and said children were in possession of said property, holding the same for the said L. M. Miller, Odus, Gertie, Otto, and Fannie Beck. That subsequently the said Isaac Gossett and Mollie Beck applied to the United States Indian agent to have the plaintiff, Leonard G. Beck, removed from said premises and have themselves placed in possession of the same. That on the ――― day of ――――, 190―, L. G. Beck, L. M. Miller, and Odus, Gertie, Otto, and Fannie Beck, by the said L. M. Miller as their guardian brought suit against J. Blair Shoenfelt, United States Indian agent, J. Fentress Wisdom and J. Sevely, acting United States supervisor, Isaac J. and Mollie Gossett, and John C. West, asking that they be restrained from interfering with the possession of said plaintiffs, and that a receiver be appointed to take charge of said premises and hold the same and apply the rents to the satisfaction of the amount due the plaintiffs under said contract. That subsequently the court appointed C. C. Ayres, of Muskogee, receiver to take charge of said property, and granted a temporary restraining order against said parties. That subsequently said cause of action was compromised, and in adjusting the same certain other instruments of writing were entered into by and between the parties.

As it is conceded that if the agreement, excerpts of which are hereinbefore set out, was invalid, the contract entered into in pursuance of the compromise would be also, it is unnecessary to further refer to the part of the complaint dealing with that contract. The relief prayed for was: That there may be an accounting between plaintiffs and defendants; that plaintiffs have judgment against said defendants for the amount due the plaintiffs,

which is about $1,150; that judgment be decreed to be a lien on the crops raised on said premises during the years 1905 and 1906; that a temporary restraining order issue restraining defendants and each of them from interfering with the plaintiffs in the possession of said lands or any part thereof; that upon final hearing of said cause said restraining order be made perpetual; and that a receiver be appointed to take possession of said premises and apply the rents and profits to the satisfaction of the amount due the plaintiffs, and such other equitable and proper relief as the plaintiffs may be entitled to. On the 18th day of May, 1905, the court, by agreement of all the parties, appointed Columbus C. Ayres, receiver to take charge of the property of the minor heirs, since which time the property involved has been in the hands of said receiver.

To this complaint Joseph Jackson, the legally appointed guardian of Lizzie Jackson, Lena Jackson, and Nettie Jackson, the minor defendants, filed a demurrer upon the following grounds: First, that said complaint does not state facts sufficient to constitute a cause of action against said defendants; second, the defendants specially demur to that part of plaintiffs' complaint which sets up a contract purporting to be executed by the father and mother of these minor defendants, and which is set out at length on pages 2, 3, 4, 5, and 6 of plaintiffs' complaint, and for cause of demurrer thereto states that said Leonard Beck and Lizzie M. Miller, who, it is alleged, signed said contract, had no power or authority in law to bind these defendants, and said contract, so far as these defendants are concerned, is utterly void and of no effect, for the reason that these defendants were minors at the time of the execution of said contract, and neither the said Leonard G. Beck nor Lizzie M. Miller were the legal guardians of said minors, and for the further reason that said contract was an attempt on the part of said Leonard G. Beck and Lizzie M. Miller to incumber the lands or allotments of these defendants long prior to the date of their deed, and is void for the reason that the agreement between the Creek Nation and the United States

provides that the allotments of citizens of the Creek Nation shall not be incumbered, taken, or sold to satisfy any debt contracted prior to the date of the deed therefor; third, that these defendants further demur to that part of said answer which sets up the value of the improvements on said premises, commencing at the third line from the bottom of page 6 of said complaint, and ending about the middle of page 12 of said complaint, for the reason that the matter and things therein set forth do not constitute any cause of action against these defendants, because the same was executed, or attempted to be executed, by persons who had no authority in law to bind these defendants, and are therefore void, and of no effect. This demurrer was sustained by the court, and, the plaintiffs electing to stand upon their complaint, a decree was entered in favor of the defendants. From this decree an appeal was taken to the Court of Appeals of the Indian Territory, and the cause is now in this court under the terms of the Enabling Act and the Schedule to the Constitution.

The appellants claim that by reason of their contract they are entitled to have an equitable mortgage fastened on the annual products of the property mentioned therein, and to have the same enforced in a court of equity. The contentions of appellees are fully stated in their demurrer, above set out. It was held by this court in *Capps et al. v. Hensley, ante,* p. 311, 100 Pac. 515, that:

"A lease executed by a natural guardian who has not submitted himself or his actions to a court having jurisdiction, nor executed a bond, nor procured an order to lease, is void as to such infant, at his or the option of those who legally represent him."

Mr. Justice Dunn, who delivered the opinion of the court, after citing *Indian Land & Trust Co. v. Shoenfelt,* 5 Ind. Ter. 41, 79 S. W. 134, and *Pilgrim v. McIntosh et al.,* 7 Ind. Ter. 623, 104 S. W. 858, upon practically the same question, says:

"In our judgment a proper understanding of the rule enunciated by the court in those two cases goes no further than to hold the contracts entered into by the natural guardians void when in conflict with the interests of the minor as represented by the gov-

ernment or a legally appointed guardian; that is, that they were void or not enforceable as against the minor."

As the contract in this case is sought to be enforced against the minors, the rule laid down in the foregoing cases is applicable, and it must be held that the contract, so far as the demurring minors are concerned, was absolutely void.

We are not familiar with any principle of equity entitling the plaintiffs to the equitable relief prayed for under the facts disclosed by the complaint. The contract being absolutely void, a court of equity cannot breathe the breath of life into it. Nothing could give it any validity except confirmation by the minors in some manner recognized by the law, and they, instead of confirming it, are assailing it by their legally constituted guardian.

The judgment of the court below is affirmed, and the cause remanded, with directions to the court below to take such further action as may be necessary to finally settle the controversy between the parties in conformity with the views herein expressed.,

All the Justices concur.