## CAMPBELL *et al.* v. MOSELEY.

No. 2427.   Opinion Filed March 11, 1913.

Rehearing Denied June 24, 1913.

(132 Pac. 1098.)

INDIANS—Alienation of Allotment—Validity. A deed made by a minor Cherokee freedman, purporting to convey her surplus allotment prior to the removal of restrictions therefrom, is absolutely void.

(Syllabus by the Court.)

*Error from District Court, Craig. County;*
*T. L. Brown, Judge.*

Action by Josephine E. Moseley, *nee* Ledman, against Lawrence E. Campbell and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. H. Kornegay,* for plaintiffs in error.
*Anselan Buchanan* and *E. J. Hobdy,* for defendant in error.

KANE, J. This was a suit commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, for the purpose of canceling certain deeds purporting to convey to the defendants certain lands owned by the plaintiff. Upon trial to the court there was judgment for the plaintiff, to reverse which this proceeding in error was commenced.

It appears that the land sought to be conveyed was the surplus allotment of the plaintiff, Josephine E. Moseley, *nee* Ledman, a Cherokee freedman. One of the deeds was executed June 15, 1904, and the other December 19, 1905, prior to the removal of restrictions from the lands of Indian minors. The court below found, and there was evidence tending to support its finding, that, "the plaintiff being a minor at the time of the making of both deeds complained of in this action,

under the proof in this case, the plaintiff not having misled the defendants or their agents as to her age, and not having received the consideration for said property under any false or fraudulent representations made by her at the time with reference to her age, this case does not come within the rule of the decision of the Supreme Court in the case of *International Land Co. v. Marshall,* as found in [22 Okla. 693] 98 Pac. at page 951 [19 L. R. A. (N. S.) 1056]." The facts found by the court seem sufficient to distinguish the case at bar from the Marshall case, *supra,* and to place it squarely within the rule laid down by this court in *Beck et al. v. Jackson et al.,* 23 Okla. 812, 101 Pac. 1109, *Blakemore v. Johnson,* 24 Okla. 544, 103 Pac. 554, *Bragdon v. McShea,* 26 Okla. 35, 107 Pac. 916, *Jefferson v. Winkler,* 26 Okla. 653, 110 Pac. 755, *Simmons et al. v. Whittington,* 27 Okla. 356, 112 Pac. 1018, *Stevens v. Elliott,* 30 Okla. 41, 118 Pac. 470, *Gill v. Haggery,* 32 Okla. 407, 122 Pac. 641, and the Circuit Court of Appeals for the Eighth Circuit in *Alfrey v. Colbert,* 168 Fed. 231, 93 C. C. A. 517. The foregoing cases support the proposition that a deed made by a minor Cherokee freedman, purporting to convey her surplus allotment prior to the removal of restrictions therefrom, is absolutely void.

The judgment of the court below is affirmed.

HAYES, C. J., and DUNN and TURNER, JJ., concur; WILLIAMS, J., absent.