**BURCKHALTER et al. v. VANN.**

No. 5513—Opinion Filed February 29, 1916. Rehearing Denied June 13, 1916.

(157 Pac. 1148.)

1. **Cancellation of Instruments—Right of Action—Possession of Plaintiff.**

In an action brought to cancel a void conveyance of land, it is not necessary to allege and prove that plaintiff is in possession of the land.

2. **Actions—Limitations Applicable — Cancellation of Deed.**

In an action to cancel a void conveyance of land, the plaintiff is not barred by any lapse of time short of that sufficient to establish title by prescription, as fixed by subdivision 4, sec. 4655, Rev. Laws, 1910.

3. **Witnesses—Impeachment — Former Conflicting Testimony.**

A witness having admitted upon cross-examination that she gave testimony in another proceeding in conflict with the testimony given at the trial, it is not error for

the court to reject evidence of the testimony given by the witness in the other proceeding.

**4. Cancellation of Instruments—Actions—Parties.**

The grantor in a deed, void as against defendants in adverse possession, may maintain an action in his own name against those holding adversely to him and his grantees to cancel void deeds executed by said grantor to those in adverse possession.

**5. Indians—Cancellation of Deed—Action —Evidence.**

Evidence examined, and held to sustain the judgment of the trial court.

(Syllabus by Rummons, C.)

Error from District Court, Craig County. Preston S. Davis, Judge.

Action by James Vann against Frank L. Burckhalter and others. Judgment for plaintiff, and defendants bring error. Affirmed

E. M. Probasco, G. P. Fogle, and C. Caldwell, for plaintiffs in error.

Anselan Buchanan, for defendant in error

Opinion by RUMMONS, C. This action was commenced in the district court of Craig county by the defendant in error, hereinafter styled the plaintiff, a Cherokee freedman, against the plaintiffs in error, hereinafter styled the defendants, to cancel certain deeds to 60 acres of land situated in Craig county, Okla. The plaintiff alleged that he had executed deeds to the land in controversy to Frank L. Burckhalter and to W. H. Venters, the deed to Burckhalter being executed November 1, 1904, and the deed to Venters being executed May 24, 1905, and that the land had been conveyed by Burckhalter and Venters to the other defendants Plaintiff alleged that at the time of the execution of the deeds to Burckhalter and Venters he was a minor, 20 years of age, that he was born in October, 1884, and that the land in controversy was a part of his allotment as a Cherokee freedman. The defendants filed separate demurrers to plaintiff's petition, which being overruled, they filed separate answers to the petition, denying the minority of plaintiff, pleading the statute of limitations, and pleading that plaintiff was estopped to assert any claim to the land against them. The cause was tried to the court, resulting in a judgment for plaintiff canceling the deeds of the defendants, and decreeing title to the lands to be in plaintiff, and decreeing that plaintiff was entitled to the possession thereof. Defendants in due time moved for a new trial, which being overruled, they bring this proceeding in error to reverse the judgment of the trial court.

Defendants' first assignments of error complain of the overruling of their respective demurrers to the petition of plaintiff. It is first urged that the petition is insuffi-

cient, because it fails to state that plaintiff is in possession of the land in controversy. It is contended by defendants that this is an action to quiet title to land, brought under section 4927, Rev. Laws, 1910, and that therefore it became necessary for plaintiff to allege and prove that he was in possession of the land, title to which he sought to have quieted in himself. We think counsel for defendants have mistaken the nature of this action. It is apparent from a reading of the petition that the relief sought is the cancellation of the various deeds described therein, and an adjudication that title to said land was vested in the plaintiff. This being an equitable action for the cancellation of deeds alleged to be void, which on their faces purported to vest title in the defendants to the land in controversy, it was not necessary for the plaintiff to either allege or prove that he was in possession of the land. Douglas v. Nuzum, 16 Kan. 515; 32 Cyc. 1335-1337.

It is also contended by defendants that the demurrers should have been sustained for the reason that the petition shows upon its face that the action is barred by the statute of limitations, it appearing that more than five years had elapsed from the time plaintiff arrived at his majority before the bringing of this action. We do not think this contention of defendants is well taken, for the reason that at the time of the execution of the deeds in controversy a conveyance by a minor Cherokee freedman of his allotment was not voidable, but absolutely void. This being the case, there was nothing to start the statute of limitations to running against the right of plaintiff to have such void instrument canceled, and the plaintiff could not be barred by any lapse of time, short of that sufficient to establish title in defendants by prescription, because of their adverse possession under subdivision 4, sec. 4655, Rev. Laws 1910. Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410; Campbell v. Moseley, 38 Okla. 374, 132 Pac. 1098. The petition, therefore, did not show upon its face that the action was barred by the statute of limitations.

Defendants next complain of the action of the court below in refusing to admit a certified copy of the testimony of the mother of plaintiff given before the Dawes Commission at the time plaintiff was enrolled upon the Cherokee rolls, and also of the refusal of the court to admit in evidence the census card issued to the plaintiff by the Dawes Commission at the time of his enrollment. The deeds executed by plaintiff which he seeks to cancel were made long prior to the adoption of the act of Congress of May 27, 1908 (35 Stat. 312, c. 199), making the enrollment record conclusive evidence of the

age of the allottee, and it has been held by this court that as to instruments executed prior to the taking effect of that act such record and census card are not competent. Perkins v. Baker, 41 Okla. 288, 137 Pac. 661; Grayson v. Durant, 43 Okla. 799, 144 Pac. 592; Smith v. Bell, 44 Okla. 370, 144 Pac. 1058. But defendants insist that this record and the census card were admissible to impeach the evidence of the mother of plaintiff who testified at the trial in his behalf. Inasmuch as the defendants elicited from this witness on cross-examination the fact that she gave the testimony as to the age of plaintiff before the Dawes Commission as set out in the record sought to be introduced as fully as was shown by the record, the contention of defendants that the evidence was admissible for the purpose of impeachment is not well taken. The witness having admitted that she gave testimony before the Dawes Commission as to the age of plaintiff in conflict with the testimony she had given at the trial, all the purposes that could be served by the introduction of the impeaching evidence were subserved, and the impeaching evidence was therefore not admissible. 40 Cyc. 2735.

Defendants complain of the exclusion by the trial court of a certified copy of a deed executed by the plaintiff to one Ralph Harvey on December 15, 1908, conveying the land involved in this action. It is urged that this evidence was admissible to show that the plaintiff had parted with his title to the land before the commencement of the action, and that therefore the action was not being maintained in the name of the real party in interest. We cannot agree with this contention of the defendants, for the reason that the deed sought to be introduced in evidence was as to the defendants void for champerty; the evidence disclosing that the defendants, or some of them, were in possession of the land in controversy at the time of the execution of that deed. It therefore follows that as to these defendants the conveyance was of no effect, and no action could have been maintained against them upon it by the grantee therein. Huston v. Scott, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; Powers v. Van Dyke, 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96. It is also a well-settled rule of law that the grantor in a deed which is ineffective as against those in possession of the land conveyed thereby may maintain an action in his own name against those in possession to recover the land. Huston v. Scott, supra, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, note at page 736. It has also been held by this court that the grantees in a champertous deed may bring an action in the name of the grantor against those holding adversely to recover possession

of the land. Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522. So that the deed offered in evidence by the defendants was wholly immaterial to the issues in this cause.

The last and most serious contention of the defendants is that the testimony does not support the judgment of the trial court. This being an action in equity, this court may review the record, and if, upon an examination of the evidence, it reaches the conclusion that the judgment of the trial court was wrong upon the facts, it may render such judgment thereon as the facts seem to justify. We have reviewed the evidence in this case upon the question of the minority of the plaintiff. The plaintiff himself testified as to his age, and his mother also testified. These two were the only witnesses offered by plaintiff to prove that he was a minor at the time of the execution of the deeds to Burckhalter and Venters. The defendants offered evidence of the general appearance of the plaintiff, as to his age, and also evidence of statements made by him and his mother as to his age, in rebuttal. The evidence of the mother in this case was very unsatisfactory. She admitted that her testimony before the Dawes Commission, at the time plaintiff was enrolled, was that the plaintiff in 1901, at the time she appeared before the Dawes Commission, was 17, going on 18, that she was before the Dawes Commission in May of the year 1901; but at the trial she testified plaintiff was born on November 25, 1884. If her testimony before the Dawes Commission was true, the plaintiff had reached his majority at the time he executed the deed to Venters. The plaintiff testified as to his own age, and his testimony was direct, and not shaken on cross-examination. While the weakness of the testimony of the mother and the long delay in bringing this action after attaining his majority, have led us to examine the evidence most carefully, we do not feel at liberty to disturb the judgment of the trial court.

The judgment of the court below should therefore be affirmed.

By the Court: It is so ordered.

\* Appealed to the Supreme Court of the United States.