## BUELL et al. v. U-PAR-HAR-HA et al.

No. 7231—Opinion Filed July 25, 1916.

(159 Pac. 507.)

**1. Champerty and Maintenance—Grant of Land Held Adversely—Suit by Grantor.**

The grantor in a deed, void as against the defendant in adverse possession, may maintain an action in his own name and without joining in the action his grantee against those holding adversely to him and his grantee to recover the land described in such void deed.

**2. Ejectment — Default Judgment — Requisites.**

Judgment for plaintiff cannot legally be rendered in an action of ejectment without proof of the averments of the petition as to title in plaintiff.

**3. Same—Proving Petition.**

Where no appearance or defense is made by defendant in an action in ejectment, the plaintiff cannot recover without establishing the allegations of his petition by competent evidence.

**4. Same—Demurrer—Judgment on Pleadings.**

Where a demurrer is interposed to the petition in ejectment which is overruled by the court and the defendant declines to plead further, judgment on the pleadings cannot be legally rendered in favor of the plaintiff.

**5. Pleading—Demurrer—Effect.**

While a demurrer admits the allegations of the petition, such admission is only for the purpose of testing the demurrer, and such admission cannot be said to be in compliance with section 4928. Rev. Laws 1910, "as to establishing the allegations of the petition."

(Syllabus by Collier, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by U-Par-har-ha and others against J. Garfield Buell and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

McDougal, Lytle & Allen and Pryor & Rockwood, for plaintiffs in error.

A. A. Hatch and Harry H. Rogers, for defendants in error.

Opinion by COLLIER, C. This is an action instituted by the defendant in error against the plaintiff in error to recover the lands described in the petition. Hereinafter the parties will be designated as they were in the trial court.

Defendant interposed a demurrer to the petition, which said petition, among other averments, averred:

"That the plaintiff, on the 2d day of January, 1913, covenanted and warranted to W. D. Allen, a quiet and peaceful possession of the lands described in the petition; that at the time of the making of said covenant, to wit, on the 2d day of January, 1913, the said plaintiffs were not in possession of said lands, nor had they, nor those under whom they claimed, been in possession thereof or received rents and profits therefrom for a space of one year next preceding the said second day of January, 1913, and at the said time the defendants were in possession of said lands."

W. D. Allen was not made a party to this action.

The court overruled the demurrer to the petition, and the defendants declined to plead further, and judgment, on the pleadings, was rendered in favor of plaintiff for the lands sued for. To reverse said judgment this appeal is prosecuted upon transcript There are several assignments of error, but these several errors, as stated by plaintiffs' brief, may be stated concisely as follows:

"(1) That the court erred in overruling the demurrer of defendants to the petition of the plaintiffs; (2) that the court erred in rendering judgment upon the pleadings after overruling the demurrer of the defendants to plaintiff's petition."

We are unable to agree with the contention of the defendant that it was necessary that the petition state facts sufficient to constitute a cause of action by said W. D. Allen against the defendants.

In Burckhalter v. Vann, 59 Okla. 114, 157 Pac. 1148, it is held:

"The grantor in a deed, void as against defendants in adverse possession, may maintain an action in his own name against those holding adversely to him and his grantees to cancel void deeds executed by said grantor to those in adverse possession."

In the body of the opinion, Commissioner Rummons says:

"It is also a well-settled rule of law that the grantor in a deed which is ineffective as against those in possession of the land conveyed thereby may maintain an action in his own name against those in possession to recover the land." Huston v. Scott, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, note at page 736.

It has also been held by this court that a grantee in champertous deed may bring an action in the name of the grantor against those holding adversely to recover possession of the land. Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522. Therefore there is no question that the plaintiffs, without joining Allen, or averring that the action was brought for the benefit of Allen, could maintain this action in their own name. We have carefully examined the petition in this cause and are of the opinion that the court did not err in overruling the demurrer thereto.

As shown by the judgment roll, judgment was rendered in this cause upon the pleadings, which excludes the idea that any evidence was offered in support of the averments of the petition in the trial of the cause.

We think that the rendition of the judgment on the pleadings without evidence in support of the allegations of the petition was prejudicial error.

Section 4928, Rev. Laws 1910, provides:

"In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidence of title, as in actions upon written contracts; and he must establish the allegations of his petition, whether answer be filed or not."

It will be noted in the history of this section:

"That the section is redrafted to require plaintiff to set forth his title and establish it whether answer be filed or not."

We are of the opinion that, under this section, the importance of the question of title to land has caused the law-makers to declare, by said section above quoted, that notwithstanding the defendant may not even appear in an action of ejectment a judgment for the land cannot be rendered upon the pleadings. In short, to sustain an action of ejectment, proof must be made of the title of the plaintiff.

The contention of plaintiff, "that the demurrer admits the allegations of the petition, and that therefore the allegations of the petition are established," is without the slightest merit. It is true that the demurrer admits the allegations of the petition, but only for the purpose of testing the demurrer—farther than this the admission does not go.

This cause should be reversed and remanded.

By the Court: It is so ordered.