## MINGUS et al. v. STOUT.

No. 25247.     May 28, 1935.

C. B. Leedy, for plaintiffs in error.

L. H. Clark, for defendant in error.

PER CURIAM. The plaintiff brought suit for the wrongful attachment of his property. The defendants are the principal and surety on the attachment bond in the case where the wrongful attachment issued. Two causes of action are stated in the petition, which alleges that though the attachment was dissolved and the litigation resulted in his favor, the property seized was not returned to the plaintiff, and that by reason thereof, he was damaged to the extent of its value; that he incurred expenses incident to the litigation, including the attorney fees, and also prays for punitive damages. The defendants demurred to the petition; upon hearing the demurrer was overruled by the court, evidently as being without merit, if not frivolous. The defendants elected to stand on their demurrer and refused to plead further. The district court, over the objections and exceptions of the defendants, rendered judgment on the pleadings for the amount of damages set out in the petition, but not for exemplary or punitive damages. No evidence was offered or introduced at the trial.

The case is here on transcript of the record and bill of exceptions.

The demurrer interposed to the petition merely tested questions of law and admitted the allegations of the petition only in so far as the ruling on the demurrer was concerned. The allegations of the amount of damages are not to be taken as true by failure to controvert them (section 240, O. S. 1931), nor was the amount of damages confessed by the demurrer. In Buell et al. v. U-Par-Har-Ha et al., 60 Okla. 79, 159 P. 507, this court held,

"While a demurrer admits the allegations of the petition, such admission is only for the purpose of testing the demurrer and such admission cannot be said to be in compliance with 'section 4928, Rev. Laws, 1910, as to establishing the allegations of the petition.'"

In the same case, this court said:

"The contention of plaintiff, 'that the demurrer admits the allegations of the petition, and that therefore the allegations of the petition are established,' is without the slightest merit. It is true that the demurrer admits the allegations of the petition, but only for the purpose of testing the demurrer—farther than this the admission does not go."

Upon their refusal to further plead, a proper order of the trial court would have been to have adjudged the defendants in default, and then heard evidence of the value of the amount of damages. So that this may be done, this cause is reversed and remanded.

The Supreme Court acknowledges the aid of Attorneys Louis A. Ledbetter, B. F. Davis, and R. S. Norvell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the

analysis of law and facts was prepared by Mr. Ledbetter and approved by Mr. Davis and Mr. Norvell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur.