GILBERT v. BROWN.

No. 2858.   Opinion Filed November 10, 1914.

(144 Pac. 359.)

EVIDENCE—Best and Secondary—Indians—Age of Allottee—Enrollment Records—Conclusiveness as Evidence. Where the only evidence contained in the case-made which tends to establish the age of a Choctaw allottee is the oral testimony of the custodian of the enrollment records, and such case-made does not contain the enrollment records or a certified copy thereof, there is not sufficient evidence in the record to support the judgment, as the enrollment records of the Commissioner to the Five Civilized Tribes are conclusive as to the age of a Choctaw allottee, where the conveyances involved were executed subsequent to the act of May 27, 1908, c. 199, 35 St. at L. 312.

(Syllabus by Galbraith, C.)

*Error from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Action by Lillian C. Brown against W. I. Gilbert, to quiet title. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*F. E. Riddle* and *Chilion Riley,* for plaintiff in error.

*Everest, Smith & Campbell,* for defendant in error.

Opinion by RITTENHOUSE, C. On July 27, 1908, Maud Folsom, now Carney, executed and delivered to Lillian C. Brown, plaintiff below, her certain deed, which purported to convey to the said Lillian C. Brown the E. ½ of the S. W. ¼ of the N. W. ¼, the N. W. ¼ of the S. W. ¼, also lots 9 and 15 (fractional N. E. ¼ of S. W. ¼), section 32, in township 9 north, range 7 west. On September 25, 1908, the said Maud Folsom, now Carney, executed and delivered to C. P. Baker her certain deed conveying the same lands hereinbefore described, and the said C. P. Baker afterwards conveyed said land to W. I. Gilbert, defendant below. It is admitted that Maud Folsom, now Carney, the grantor in both deeds, was at the time of the execution and delivery of said deeds, and is now, an enrolled citizen of the Choctaw Tribe of Indians of the one-half blood, and that the lands in dispute were allotted to her as such citizen and are no part of her homestead.

This action was instituted by Lillian C. Brown on July 23, 1909, in which she alleged that she was the owner and holder of the absolute title to said premises, and that the cloud cast upon her title by the deed of the defendant be removed, and that he, and all persons claiming under, by, or through him, be forever barred and enjoined from ever setting up or asserting any rights or title to the premises adverse to the said Lillian C. Brown. Answer was filed, which contained a general denial, and in addition thereto alleged that Maud Folsom was a minor under the age of eighteen years on July 27, 1908, the day she executed the deed to Lillian C. Brown, and also setting up title in himself, and asking that his title be quieted. Issues were joined and trial had, resulting in a judgment in favor of the plaintiff.

It is contended by Lillian C. Brown that the enrollment records of the Commissioner to the Five Civilized Tribes show that

Maud Folsom became eighteen years of age on June 5, 1908, and she relies upon the fact that the Choctaw Field Card No. 2224 shows the enrollment or listing for enrollment of Maud Folsom as nine years of age on June 5, 1899.

It is contended by the defendant, W. I. Gilbert, that the approved rolls of the Choctaw Nation show Maud Folsom to be eighteen years of age on September 25, 1908, in that the enrollment records show that the Commissioner computed the age of Maud Folsom to be twelve years' in 1902, the date the enrollment was supposed to have closed, and that the rolls were made as of September 25th of that year, and that approved rolls as prepared by the Commissioner to the Five Civilized Tribes show that she would become of age on September 25, 1908.

This court held, in construing section 3 of the act of Congress approved May 27, 1908 (35 St. at L. 313, c. 199), in the case of *Scott v. Brakel et al.*, 43 Okla. 655, 143 Pac. 510, that:

"The 'enrollment records of the Commissioners to the Five Civilized Tribes,' which section 3 of the act of Congress approved May 27, 1908 (35 St. at L. 313, c. 199), declares 'shall hereafter be conclusive evidence as to the age' of any enrolled citizen or freedman of said tribes, embraces and includes all of the testimony and exhibits tending to establish age that were in evidence before the Commission and the conclusions of the Commission, based thereon, from the date of the application for enrollment of any particular allottee up to the time of the ascertainment by the Commission as to whether the name of such allottee was entitled to be placed upon the roll of the nation in which he claimed citizenship."

In the case of *Rice v. Anderson*, 39 Okla. 279, 134 Pac. 1120, it was held:

"The purpose of the act of Congress (Act May 27, 1908, c. 199, sec. 3, 35 St. at L. 313), making the enrollment records conclusive evidence of the age of an allottee, was to exclude oral evidence as to the question of age, and the conclusive presumption of law is that the allottee is of the exact age shown by those records, and not merely that the age thus shown is the age at the nearest birthday."

The only evidence contained in the case-made which tends to establish the age of Maud Folsom is the oral testimony of the custodian of the enrollment records. The defendant objected to the introduction of oral testimony on the ground that the enrollment records were the best evidence, but the court admitted such testimony. The enrollment records were never made a part of the case-made; whether they were ever actually in evidence we do not know, and are therefore unable to say, in the absence of the enrollment records, whether they would tend to establish the age of Maud Folsom as eighteen years of age on June 5, 1908, or September 25, 1908.

This court having heretofore held that the records are conclusive as to the age of an allottee, such records are the best evidence, and oral testimony is incompetent to prove these records, in the absence of a showing that the same were lost or destroyed. We therefore hold that there is not sufficient evidence in the record to support the judgment.

The cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.