## ALLEN v. DONEGHEY *et al.*

No. 5164. Opinion Filed November 2, 1915.

(152 Pac. 810.)

1. **INDIANS—Alienation of Allotment—Evidence of Age—Enrollment Records—Conclusiveness.** The following certified copy of the Cherokee freedmen roll:

"Department of the Interior.
"Commissioner to the Five Civilized Tribes.
"Cherokee Freedmen Roll.

| No. | Name. | Age. | Sex. | Census Card No. |
|---|---|---|---|---|
| 3107 | Milam, Mike (age twelve) | 12 | M. | 220. |

"This is to certify that I am the officer having custody of the approved roll of Cherokee freedmen, and that the above and foregoing is a true and correct copy of that portion of said roll appearing at Number 3107.

"Enrolled as of September 1, 1902.

"[Signed] J. Geo. Wright.
"Commissioner to the Five Civilized Tribes.

"[Signed] W. S. D. Moore, Clerk."

—is not conclusive as to the age of the allottee named therein in transactions involving the alienation of his allotted lands,

occurring subsequent to the passage of Act Cong. May 27, 1908, c. 199, 35 Stat. 312.

2.    SAME—"Enrollment Records"—Census Card.  Where it appears that the "census card" constitutes the complete "enrollment records," it is admissible as conclusive evidence of age, not as a "census card," but as the "enrollment records," when so certified by the proper officer.

(Syllabus by Dudley, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by J. N. Allen against N. M. Doneghey and others.  Judgment for defendants, and plaintiff brings error.  Reversed and remanded.

*Owen & Stone* and *Myron White*, for plaintiff in error.

Opinion by DUDLEY, C.  On October 3, 1911, the plaintiff in error, plaintiff below, commenced this action in the district court of Muskogee county against the defendants in error, defendants below, to quiet title to certain real estate located in said county, constituting the allotment of Mike Milam, a Cherokee freedman.  The parties wil be referred to as they were in the trial court.

The issues, as joined, narrowed down to a controversy between the plaintiff and the defendant Doneghey.  The case was tried to the court without a jury, resulting in a judgment in favor of Doneghey, from which the plaintiff has appealed, making all the defendants below, defendants in error here.

The sole question presented for consideration is the age of the allottee and the manner of proving it.  Allen claims title to said real estate by virtue of a warranty deed from the allottee, dated April 15, 1911.  The defendant Doneghey claims title to said real estate by virtue of two

deeds, executed by said allottee, dated September 2, 1911, and November 6, 1911, respectively. Allen insists that the allottee became of age on April 8, 1911. Doneghey insists that he became of age on September 1, 1911, and that he was a minor at the time he made the deed to Allen on April 15, 1911, and the same is therefore void. Allen, in support of his contention, offered in evidence what is known as the census card, as the complete enrollment record as to the age of said allottee. This census card shows that the allottee was enrolled on April 8, 1901, and that he was 11 years old at that time. If this is conclusive, he was of age at the time he executed the deed to Allen. Doneghey introduced in evidence what purports to be a certified copy of the Cherokee freedmen roll as to the age of the allottee. This roll is as follows:

"Department of the Interior,
"Commissioner to the Five Civilized Tribes.
"Cherokee Freedmen Roll.

| No. | Name. | Age. | Sex. | Census Card No. |
|-----|-------|------|------|-----------------|
| 3107 | Milam. Mike (age twelve) | 12 | M. | 220. |

"This is to certify that I am the officer having custody of the approved roll of Cherokee freedmen, and that the above and foregoing is a true and correct copy of that portion of said roll appearing at number 3107.

"Enrolled as of September 1, 1902.
"P. O., Braggs, Okla.

"[Signed]  J. Geo. Wright.

"Commissioner to the Five Civilized Tribes.
"[Signed]  Louise Smith, Clerk.

"[Signed]  W. S. D. Moore. Clerk.

"Muskogee, Oklahoma, February 23, 1910."

He claims that, according to this roll, the allottee became of age on September 1, 1911. The trial court disregarded the census card offered by the plaintiff, and concluded that the certified copy of the Cherokee freedmen roll was conclusive as to the age of the allottee, and that

under it he became of age on September 1, 1911. · The plaintiff insists that this roll was not conclusive, and that the trial court erred in excluding and disregarding the census card,·which was offered as the complete enrollment record as to the age of the allottee. This is the sole question presented.

The trial court, in holding that the certified copy of the freedmen roll was conclusive as to the age of the allottee, doubtless had in mind the case of *Campbell v. McSpadden et al.*, 34 Okla. 377, 127 Pac. 854, wherein it was held:

"The enrollment records of the Commissioner to the Five Civilized Tribes of Indians, as provided for in Act June 10, 1896, c. 398, 29 St. at L. 321, are conclusive evidence as to the age of citizens and freedmen allottees of said tribes."

See, also, *Lawless v. Raddis*, 36 Okla. 616, 129 Pac. 711.

The rule announced in the case of *Rice v. Anderson*, 39 Okla. 279, 134 Pac. 1120, is authority for the introduction of the census card. We do not understand that the rule announced in any of these cases is the correct rule in force in this state at this time. The entire question as to what constitutes the enrollment records of the Commissioner to the Five Civilized Tribes, under the act of Congress approved May 27, 1908 (35 St. at L. 312, c. 199), is exhaustively discussed by Mr. Chief Justice Kane in the case of *Scott v. Brakel et al.*, 43 Okla. 655, 143 Pac. 510, wherein it was said, in the syllabus:

"The 'enrollment records of the Commissioners to the Five Civilized Tribes,' which section 3 of the act of Congress approved May 27, 1908 · (35 St. at L. 312, c. 199), declares 'shall hereafter be conclusive evidence as

to the age' of any enrolled citizen ·or freedman of said tribes, embrace and include all of the testimony and exhibits tending to establish age that were in evidence before the commission and the conclusions of the commission based thereon from the date of the application for ·enrollment of any particular allottee up to the time of the ascertainment by the commission as to whether the name of such allottee was entitled to be placed upon the roll of the nation in which he claims citizenship."

"Where it appears that the 'census card' constitutes the complete 'enrollment records,' it is admissible as conclusive evidence of age, not as a 'census card,' but as the 'enrollment records,' when so certified by the proper officer."

As we understand the rule announced in this case, neither the certified copy of the enrollment record offered by the defendant, nor the census card, as such, offered by the plaintiff, was conclusive as to the age of the allottee, and that the entire enrollment record should be introduced, and from that the age of the allottee is to be determined. Under this case, if the census card is the complete enrollment records, it is admissible as conclusive evidence as to the age, not as a census card, but as the enrollment records.

We therefore conclude that the trial court erred in holding that the cerified copy of the freedmen roll was conclusive as to the age of the allottee, and excluding the census card in the form in which it was offered. The case should therefore be reversed and remanded.

By the Court: It is so ordered.