## CULVER et al. v. DIAMOND et al.

No. 6831—Opinion Filed May 22, 1917.

Rehearing Denied Sept. 11, 1917.

(167 Pac. 223.)

(Syllabus by the Court.)

**1. Process — Nonresident Defendant — Personal Service—Jurisdiction.**

In an action against a nonresident for the determination of a right or interest, and to establish a trust in real property situated in this state, personal service out of the state is sufficient to give the court jurisdiction of that cause. The jurisdiction for that purpose is not defeated because the cause of action upon which such relief is sought is united in the same petition with another cause of action separately stated in which such service would not be sufficient to confer jurisdiction.

**2. Attorney and Client—Contingent Fee Contract.**

A valid covenant in a contract based upon a legal consideration is enforceable, though a separable covenant for the same consideration is void as being contrary to public policy.

**3. Same—Lien—Statute.**

Rights and remedies of an attorney under chapter 4, Session Laws 1909, p. 117, existing prior to the time Revised Laws 1910 became effective, were not affected by the adoption thereof, but continued and existed in all respects as if the same had not been adopted.

**4. Same—Contingent Fee—Action.**

In an action by an attorney to enforce the liability for contingent fee imposed by chapter 4, Sess. Laws 1909, p. 117, against an adverse party who has compromised and settled with his client without his knowledge or consent, he must establish that his client had a meritorious cause of action, and the amount his client would have been entitled to receive if same had been prosecuted to judgment.

**5. Indians—Lands—Validity of Conveyance —Evidence of Age.**

When the validity of a deed executed by a Creek freedman prior to the time Act Cong. May 27, 1908, c. 199, 35 Stat. 312, became effective, conveying lands allotted to him, is called in question on the ground that he was a minor at the time, his age is a question of fact, and may be determined, as is the age of any other person, upon any evidence which is competent under general rules.

**6. Same.**

When the validity of a conveyance of a portion of the allotment of an enrolled Creek freedman executed subsequent to the time Act May 27, 1908, c. 199, 35 Stat. 312, became effective, is in issue on the ground that he was a minor at the time, the portion of the "rolls of citizens" and the "census card,"

if not certified as the entire or complete "enrollmen records" of the Commissioner to the Five Civilized Tribes pertaining to such citizen, or received in evidence without objecton as such, is not sufficient evidence to sustain a finding that the conveyance is void and did not pass title.

### 7. Champerty and Maintenance—Grant of Land Held Adversely.

A conveyance of lands made by the rightful owner in contravention of section 2259 or section 2260, Rev. Laws 1910, while good as between the parties thereto, is void as against the person holding adversely, and will not defeat an action by the grantor or in his name to recover the land from the adverse holder.

Error from District Court, Hughes County; John Caruthers, Judge.

Action by H. H. Diamond against Joel A. Culver, I. J. Culver, and E. C. Adlridge, Judgment for plaintiff, and defendants Culver bring error. Affirmed in part, and reversed in part, and cause remanded for new trial.

W. L. McFall and Lewis C. Lawson, for plaintiffs in error.

Geo. L. Mann, for defendants in error.

MILEY, J.    Jeffrey Paldo, an enrolled Creek freedman, employed the defendant in error H. H. Diamond, a licensed and practicing attorney at law of this state, to file and try all suits necessary to cancel all deeds and remove all clouds created thereby, and to clear the title to the land which had been allotted to the said Paldo, as such Creek freedman, which deeds he claimed were void because executed by him while he was a minor.

The contract of employment was in writing, and bore date of August 1, 1912, and contained the follbwing provision with reference to compensation of the attorney:

"It is agreed and understood that the party of the first part (Paldo) will pay the party of the second part (Diamond) for his services in and about said land one-half of said land, when the title is clear, and that said party of the first part will not sell or convey said land without the consent of said party of the second part."

The contract was on the same day properly acknowledged, filed, and recorded in the office of the register of deeds of the county where the land is situated.

Pursuant to this contract of employment, the defendant in error Diamond instituted suit in the proper court for the said Paldo against the plaintiffs in error, Joel A. Culver and I. J. Culver, and another, to recover possession of the land from the Culvers and for damages for unlawfully keeping the said Paldo out of possession, and to quiet title against the other defendant. On August 14, 1912, an amended petition prepared by the said Diamond was filed in that action in which various other persons, including the defendant in error E. C. Aldridge, were made additional parties defendant, and in which it was alleged that the various defendants were asserting title or some interest in the land under conveyances and leases which were exhibited to the amended petition, and which deeds and leases it was alleged were void, because the said Paldo was a minor at the time the same were executed by him, and prayed for the possession of the land and for damages for withholding the same, and that the title be quieted as against the claims of the defendants. While this action was pending, and on the 21st day of February, 1913, the plaintiffs in error, Joel A. and I. J. Culver, compromised and settled with the said Jeffrey Paldo without the knowledge or consent of his attorney, and procured the said Paldo to execute to them another conveyance of the land for a consideration of $10 then paid him.

On March 31, 1913, the second amended petition was filed in that action, in which it was alleged, in addition to the allegations of the former amended petition, that E. C. Aldridge, one of the defendants therein, was asserting title to the land under deed duly recorded dated September 30, 1912, and which deed it was alleged was void, and passed no title by reason of facts therein alleged, and prayed for relief as in the first amended petition. The petition and each of the amended petitions bore the following indorsement, "Attorney lien claim, by Harry H. Diamond, Attorney for Plaintiff." Thereafter, on April 9, 1913, Joel A. Culver and I. J. Culver, defendants in that action, filed separate answers in which they denied the title of Jeffrey Paldo, and asserted title in themselves, setting forth the various conveyances under which they claimed title, and among others being the conveyance they had procured as aforesaid from the said Jeffrey Paldo on February 21, 1913, and by crosspetition against the said Aldridge sought the cancellation of the deed executed by Paldo to him on September 30, 1912, upon the ground that the same was champertous and void as to them.

Thereafter Joel A. Culver and I. J. Culver filed separate motions for judgment on the pleadings against the said Jeffrey Paldo, for the reason that the pleadings disclosed that the plaintiff had sold and conveyed to them for a valuable consideration all of the said lands by the deed dated February 21, 1913,

the execution of which stood as admitted by the pleadings. The court rendered judgment on the motions in favor of the Culvers, upon the ground that any right which the said Jeffrey Paldo might have had passed to the Culvers since the commencement of the action, and quieted their title against the said Jeffrey Paldo. The defendant in error H. H. Diamond thereupon commenced this action in the court below against the plaintiffs in error, Joel A. Culver and I. J. Culver, and the defendant in error E. C. Aldridge. The petition contained two counts. The first was to establish title to an undivided one-half interest in the land, which he claimed under his contract of employment with Paldo, and prayed for a decree that the defendants therein hold title to an undivided one-half interest as trustees for him. The second count was against the Culvers for possession and damages. Subsequently the plaintiff dismissed as to the cause of action attempted to be stated in the second count. The plaintiffs in error filed answer in which they exhibited all the deeds executed by Paldo, including those executed before, as well as after the commencement of the action which Paldo had employed Diamond to prosecute, and claimed title thereunder. The cause was tried to the court without a jury, and judgment was rendered in favor of the defendant in error Diamond against the plaintiffs in error, Joel A. Culver and I. J. Culver, adjudging him the owner of an undivided one-half interest in the land, and that the title thereto was held by plaintiffs in error in trust for him, and also quieting the title of plaintiffs in error as against the defendant in error Aldridge.

The Culvers bring the cause here, and, to secure a reversal of the judgment in favor of the defendant in error Diamond for one-half interest in the land, urge numerous assignments of error.

It is first contended that the court did not acquire jurisdiction to render judgment against Joel A. Culver, and erred in overruling his motion to quash the summons and service thereof on him. He was a nonresident of the state, and was personally served in Marshall county in the state of Iowa, by the sheriff thereof. To obtain this service, the plaintiff, Diamond, filed an affidavit which appears to be in substantial compliance with section 4723, Rev. Laws 1910, and the sufficiency of the form of which is not challenged. But it is claimed that this is not one of the class of cases in which personal service out of the state is authorized. Such service may be made in all cases where service may be made by publication, and has the same, but no greater, force and effect

than service obtained by publication. Section 4727, Rev. Laws 1910. The cause of action set up in the first count of the petition and that for possession in the second count are clearly of the classes enumerated in section 4671, Rev. Laws 1910, among which are actions "for the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest," and "to establish a trust in * * * real property." The part of the second count which sought a personal judgment for damages for withholding possession, and for rents and profits, is, of course, not of the classes in which such service is authorized, and the court could not acquire jurisdiction by personal service out of the state to render valid judgment thereon. That cause of action and that for possession were later dismissed by the plaintiff, and judgment was not rendered thereon, but only on the cause alleged in the first count. The mere fact that the plaintiff attempted to separately state a cause of action, in which personal service out of the state is not authorized, and upon which valid judgment could not be rendered, does not invalidate the process as to the other cause of action in which such service is proper, or defeat the jurisdiction of the court to hear and render judgment thereon. Reeves v. Pierce, 64 Kan. 502, 67 Pac. 1108; Hook v. Hoffman, 16 Ariz. 540, 147 Pac. 722. There was no error in overruling the motion to quash this summons and service thereof, and the court acquired jurisdiction thereby to render the judgment it did against the plaintiff in error Joel A. Culver.

The plaintiffs in error demanded and were refused a trial by jury, and this is assigned as error. The only statement made in the brief in support of this assignment is that "the action was brought to recover a money judgment for $250 and one-half of the land specifically described." It is true that such relief was asked upon the second cause of action, but the suit was dismissed as to that cause of action, before the case was transferred from the jury to the nonjury assignment. The case was tried upon the first cause of action, and judgment rendered only for the relief asked thereon. The claim is not made in the brief that the parties were entitled to a jury trial as a matter of right on that cause of action; hence this assignment is without merit.

It is contended that the defendant in error was not entitled to recover, because the contract of employment is contrary to public policy, and therefore illegal and unenforceable, by reason of the clause therein in

which the client agreed not to sell or convey the land without the consent of the attorney. It is argued that this clause was in effect one forbidding the client the right to compromise the suit without the consent of the attorneys, and that such agreements are contrary to public policy. We doubt if that construction of the clause is correct. But if it be assumed that it is, and that such agreements are contrary to public policy and void, is the entire contract for that reason invalid? We think not. By the terms of the contract the attorney agreed to render certain services, which were entirely proper and legal. In consideration thereof, the client agreed to do two things: First, pay the attorney one-half the land when the title is clear; and, second, not to sell or convey the land without the consent of the attorney. The agreement to pay a contingent fee was not contrary to public policy, but was authorized by law at the time it was made. Section 2, c. 4, Laws 1909, p. 117. The suit was to enforce this portion of the agreement, and it, as we have seen, was founded on a legal and valid consideration. The validity of that promise is in no wise dependent on the promise which it is contended was illegal, and is separable and severable therefrom. No effort is being made by the attorney to enforce the alleged illegal clause, and his right to recover is in no wise dependent thereon. Section 921, Rev Laws 1910, defines the object of a contract as:

"The thing which it is agreed, on the part of the party receiving the consideration, to do or not to do."

And by section 925 it is provided:

"Where a contract has several distinct objects, of which one at least is lawful and one at least is unlawful in whole or in part, the contract is void as to the latter, and valid as to the rest."

Numerous authorities are cited in 9 Cyc. 565, to support the proposition as therein stated as follows:

"The rule is that a lawful promise made for a ·lawful consideration, is not invalid merely because an unlawful promise was made at the same time and for the same consideration."

See, also, Davis v. Great Northern R. Co., 128 Minn, 354, 151 N. W. 128.

It necessarily follows that, even if plaintiffs in error are correct in their construction of the clause mentioned and as to its illegality, for the reasons stated the other promise or object of the contract, which is the basis of the suit, is nevertheless valid and enforceable. It is unnecessary to treat the question further.

Plaintiffs in error further contend that

under the provisions of section 249, Rev. Laws 1910, they would in no event be liable for the full fee contracted to be paid the attorney, but only for such fee "to the extent of reasonable compensation for all services performed by him in connection with said action or contemplated suit." This section is a revision made by the code commission of section 3, c. 4, Laws 1909. Under the original section, it was provided that, where the adverse party settles or compromises the action with the client, without the attorney having notice and an opportunity to be present at the settlement, "such adverse party shall thereupon become liable to such attorney for the fee due him, or to become due him under his contract of employment." The settlement was made by the plaintiffs in error and the cause of action of the attorney accrued February 21, 1913. The Revised Laws of 1910 did not become effective until May 16, 1913. It was provided in the act adopting the Revised Laws (Laws 1910-11, p. 71) that:

"All general or public laws of the state of Oklahoma not contained in said revision, are hereby repealed: Provided, that this act shall not be construed * * * to affect * * * any existing rights or remedies, * * * but all * * * rights and remedies shall continue and exist in all respects as if this act had not been passed."

Hence we conclude that the rights and remedies of the defendant in error were properly determined under the law as it existed prior to the time the Revised Laws became effective, and that, as was held by this court in Herman Constr. Co. v. Wood, 35 Okla. 103, 128 Pac. 309, construing the act before the revision became effective, it "is for the fee measured by the stipulated percentage of the judgment his client was entitled to recover."

The cause was tried in the court below upon the theory that it was incumbent on the defendant in error to establish the merits of his client's cause of action and the amount he would have been entitled to recover had the same not been compromised and settled. Herman Constr. Co. v. Wood. supra; G., C. & S. F. R. Co. v. Williams, 49 Okla. 126, 152 Pac. 395. The evidence and pleadings of the parties disclosed that the plaintiffs in error had been in possession of all the land since 1909, claiming title thereto under several deeds executed by the allottee; all of them, except the one executed pursuant to the settlement of the suit, purporting to convey the part of the allotment other than the homestead, having been executed and delivered on various dates, but all prior to May 27, 1908. These deeds were void, and plaintiffs acquired no title thereunder if the al-

lottee was a minor at the time the same were executed and delivered. Act March 1, 1901, c. 676, sec. 4, 31 St. L. 861; Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755; Texas Co. v. Henry, 34 Okla. 342, 126 Pac. 224. The court admitted the parol testimony of witnesses to facts and circumstances tending to establish the date of the birth of the allottee, as a basis for determining whether he had attained his majority at the dates of the execution of these several deeds. This evidence was competent for that purpose. Grayson v. Durant, 43 Okla. 799, 144 Pac. 592; Phillips v. Byrd, 43 Okla. 556, 143 Pac. 684; Charles v. Thornburgh, 44 Okla. 379, 144 Pac. 1033; Malone v. Alderdice, 129 C. C. A. 204, 212 Fed. 668. And we think it was sufficient to warrant a finding that the allottee was a minor at the time of the execution of each of these conveyances.

The evidence as to the part of the allotment designated as the homestead disclosed that plaintiffs in error were claiming title under deeds executed by the allottee subsequent to the time Act May 27, 1908, c. 199, 35 Stat. L. 312, became effective. These conveyances, not being authorized by the county court in the exercise of probate jurisdiction, were void, and did not pass title if the allottee was under the age of 21 years at the time they were executed. McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Truskett v. Closser, 236 U. S. 223, 35 Sup. Ct. 385, 59 L. Ed. 549. By section 3 of the act of May 27, 1908, supra, the enrollment records of the commissioner to the Five Civilized Tribes having been made conclusive evidence as to age, it is necessary to first resort thereto to determine the age and the validity of the deeds purporting to convey that portion of the allotment designated as the homestead. All that appears in the record is a certified copy of the portion of the approved roll of Creek freedman appearing at No. 265 and of the Creek Census Card No. 70. It was not certified or shown that these constituted the entire "enrollment record," nor were they offered and received in evidence as such, and as we have repeatedly held, they are not sufficient proof of age as to transactions after the date the act of May 27, 1908, became effective. Scott v. Brakel, 43 Okla. 655, 143 Pac. 510; Campbell v. McSpadden, 44 Okla. 138, 143 Pac. 1138; Gilbert v. Brown, 44 Okla. 194, 144 Pac. 359; Allen v. Doneghey, 52 Okla. 90, 152 Pac. 810. The evidence therefore did not establish that Paldo had a meritorious cause of action, and that he could have succeeded in the original action in canceling the conveyance affecting the portion of the allotment designated as the homestead. This case was tried prior to the announcement of the decisions of this court defining "the enrollment records," and at a time when many attorneys believed that a certified copy of the "rolls of citizens" or the "census card" was sufficient evidence, and defendant in error should have an opportunity to establish his case under the present holdings of this court, if he can do so.

There is no merit in the contention that the deed executed by the allottee to Aldridge subsequent to the employment of the attorney and the commencement of the action by him would have defeated a recovery by the plaintiff against the Culvers in the original action. That deed appears to be champertous and void as to the plaintiffs in error, and as against them Aldridge acquired no title thereunder. As to them, the legal title remained in Paldo, and the action could have been continued by Paldo, or in his name to recover the land from the plaintiffs in error, and the alleged champertous deed would not have been a defense. Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522; Tyler v. Roberts, 56 Okla. 610, 156 Pac. 201; Burckhalter v. Vann, 59 Okla. 114, 157 Pac. 1148; Buell v. U-par-har-ha, 60 Okla. 79, 159 Pac. 507. It is true the recovery by Paldo or in his name in such action would have inured to the benefit of the champertous grantee, unless that conveyance had also been set aside in that or some subsequent action. Yet had Paldo failed to cancel the Aldridge deed and had the recovery against the Culvers inured to the benefit of Aldridge, he would have taken the land so recovered charged with the right of the attorney to his compensation under the contract. The deed to Aldridge by Paldo, being subsequent and with notice of the contract of the attorney, was inferior to his rights thereunder. That conveyance was no more valid as against the attorney than was the subsequent conveyance to the plaintiffs in error.

We think the suit instituted by the defendant in error for Paldo was in substantial compliance with his contract of employment. The record is not clear as to the proceedings had on the demurrer to the amended petition. If the same was urged against the first cause of action for want of sufficient facts and overruled, an exception was not taken, and hence we cannot consider the assignment relating thereto. As against the objection to the introduction of any evidence thereon, we think the amended petition was sufficient. Nor do we find merit in any of the other assignments.

It was stipulated at the trial that the land in controversy, the northwest quarter of sec-

tion 13, township 9 north, range 8 east, was the entire allotment of Jeffrey Paldo, and that the northwest quarter of the northwest quarter of said section had been designated as the homestead. We think the judgment of the court as to the portion of the allotment other than the homestead is correct, and as to that land should be affirmed, but, for the reasons given, the judgment must be reversed as to the part designated as the homestead.

Therefore the judgment of the lower court is affirmed as to the south half of northwest quarter and northeast quarter of the northwest quarter, section 13, township 9 north, range .8 east, and reversed as to the northwest quarter of the northwest quarter of said section, and the cause remanded for new trial as to that tract.

All the Justices concur, except SHARP, C. J., not participating.