## ALLEN v. SHEPHERD et al.

No. 5043—Opinion Filed Jan. 8, 1918.

(169 Pac. 1115.)

1. **Attorney and Client—Contingent Lien—Settlement by Client—Rights of Attorney.**

First and second paragraphs of the syllabus in Herman Construction Company v. Woods, 35 Okla. 103, 128 Pac. 309, adopted herein.

2. **Same—Contract—Right of Action.**

Second, third, and fourth paragraphs of the syllabus in Culver v. Diamond, 64 Okla. 271, 167 Pac. 223, adopted herein.

3. **Appeal and Error—Review—Sufficiency of Evidence—Motion For Directed Verdict.**

First and second paragraphs of the syllabus in Reed v. Scott, 50 Okla. 757, 151 Pac. 484, adopted herein.

4. **Attorney and Client—Compensation — Action Against Adverse Party—Judgment for Rent—Issues.**

Where, in an action to recover the value of an undivided one-half interest in certain lands, the petition does not allege any damage sustained by reason of plaintiff being kept out of possession. judgment is rendered for the plaintiff for the value of the inter-

est in the land claimed, and for one-half the rental value for the time he was denied possession, held, that that part of the judgment for rents was without the issues, and was erroneous.

(Syllabus by Galbraith, C.)

Error from District Court, McClain County; R. McMillan, Judge.

Action by Grace E. Shepherd, as administratrix, against Charles R. Allen and others. Judgment for plaintiff, and defendant Allen brings error. Affirmed upon condition.

W Y. Dilley, Geo. S. Ramsey, Edgar A. De Meules, Malco'm E. Rosser, and J. W. Hocker, for plaintiff in error.

Samuel W. Hayes and Shartel, Dudley & Shartel, for defendants in error.

Opinion by GALBRAITH, C. This is an appeal from the judgment of the trial court awarding the amount of an agreed attorney's fee against the plaintiff in error, who was found to have made a settlement of a cause of action with the client in the absence of and without the knowledge or notice to the attorney.

It appears from the record that the client, Maud'e M Lewis (nee Bunch), a regularly enrolled member of the Chickasaw Tribe of Indians, joined by her husband, Charles A. Lewis, on the 29th day of July, 1910, entered into a written contract of employment with R. W. Shepherd, a regularly licensed and practicing attorney at law of this state, for the prosecution of a suit in the name of Maudie M. Lewis, for the purpose of canceling a certain deed of conveyance which Maudie M. Lewis and her husband had executed to the plaintiff in error Charles R. Allen on the 27th day of July, 1908, assuming to convey the allotment of Maudie M. Lewis, embracing an area of 221 acres situated in McClain county, Okla., to the grantee named in that deed, and also to secure the cancellation of various other liens and deeds of conveyance and assignments in writing affecting the title to said allotment, executed prior to that date by the allottee and her husband, on the ground that at the time of the execution of said various instruments the allottee was a minor and without capacity to execute the same. The written contract of employment entered into with the attorney provided as compensation for the services to be rendered, as follows:

"And as a consideration for said R. W. Shepherd, acting as my attorney in this matter, I hereby contract with and hereby con-

vey, sell, and/ assign to said R. W. Shepherd an undivided one-half interest in and to all lands and moneys recovered for me under this power of attorney and contract, which said half interest shall be entered and become a part of the judgment rendered in my favor against the parties herein named, and shall be in favor of said R. W. Shepherd and against any and all of said defendants in the event of a recovery."

This instrument was duly acknowledged and filed for record in the recording office for McClain county on the 4th day of August, 1910. On the 8th day of August, 1910, Shepherd, in pursuance of said employment, filed suit in the district court of McClain county for the cancellation of said deed and leases, and quieting the title in the lands in the plaintiff, as stipulated in the contract of employment. It also appears that immediately following the execution of the deed of July 27, 1908, Allen entered into the possession of the land, and has ever since been in the possession thereof. It also appears that after the filing of the petition in the suit, on the 8th day of August, 1910, the attorney for the plaintiff therein indorsed on the petition "lien claimed, R. W. Shepherd, attorney, September 14, 1910." Thereafter, while that suit was pending for the cancellation of deeds and for the possession of the land, and before the defendant Allen had answered, on September 26, 1910, he obtained a second deed of conveyance from Maudie M. Lewis and her husband for her allotment, which deed recited the payment of a consideration of $4,900, and when Allen answered in the cause he set up this deed of September 26, 1910, as one of the grounds of defense in said action. The trial of that cause resulted in a judgment in favor of Allen for the title to the allotment and against him for the rental value of the land from the date he took possession of same, pursuant to the deed of July 27, 1908, and the execution of the deed of September 26, 1910. The money judgment for the rentals, amounting to $975, was not appealed from and was paid. The allottee appealed from the judgment quieting the title to the land in Allen to the Supreme Court. That appeal was pending at the time of the trial of the instant case, but has since been disposed of by an affirmance of the judgment of the trial court. Lewis v. Allen, 42 Okla. 584, 142 Pac. 384.

One of the issues tried and determined in the case of Allen v. Lewis, supra, was as to the minority of the allottee at the time of the execution of the deed of July 27, 1908. Five specific findings of fact were submitted

to the jury and returned as follows, to wit:

"(1) Was the petitioner, Maudie M. Lewis, 18 years of age on the 27th day of July. 1908, the date of the deed executed by her and her husband to the defendant Charles R. Allen? A. She was not. [Signed] James Robertson, Jr., foreman.

"(2) What, if any part of the original consideration, or the proceeds thereof, did Maudie M. Lewis have in her possession or under her control on April 13, 1910? A. None. [Signed] James Robertson, Jr., foreman.

"(3) What was the total consideration received by the petitioner, Maudie M. Lewis, for the deed executed by her and her husband to Charles R. Allen on September 26, 1910? A. $500. [Signed] James Robertson, Jr., foreman.

"(4) What was the fair rental value of the premises in the controversy for the three years 1908, 1909, and 1910? A. 1908, $475; 1909, $475; 1910, $475. [Signed] James Robertson, Jr., foreman.

"(5) Was the consideration paid by Allen to the petitioner at the time of the making of the deed in September, 1910, adequate or inadequate? A. Adequate. [Signed] James Robertson, Jr., H. G. Petrie, D. S. Phillips, J. R. Leverett, J. C Pattison, J. L. Little, J. G. North, D. M. Godard, Powers Wallace.

"(6) What was the fair, reasonable market value of the improvements placed on the premises by the defendant Charles R. Allen or those holding under him since the premises have been in his possession? A. $450. (Signed) James Robertson, Jr., foreman."

These special findings made by the jury were returned to the court and approved by it. Judgment in that case was entered on the 30th day of June, 1911. On April 15, 1911, and within one year after September 26, 1910, the date of the second deed to the allotment, the instant suit was commenced against Allen to recover judgment against him for the amount of the fee which Maudie M. Lewis had agreed to pay under the contract of employment entered into with her attorney on the theory that he had settled the suit filed August 8, 1910, and defeated a complete recovery therein, by reason of securing the deed from the client on September 26, 1910, during the pendency of that suit, and without the knowledge or consent of the attorney, and without notice to him, and he thereby, under the statute, became liable to the attorney for the amount of such fee. The petition alleged that the attorney was entitled as a fee under his contract to an undivided one-half interest in the land or "its reasonable value of $40 per acre, or a total of $4,400." The prayer was

for judgment foreclosing his lien on the undivided one-half interest in the land, and for judgment against Allen "for an undivided interest in and to said land just above mentioned, or its value, to wit, $4,400." Having demurred to the petition, which was overruled, Allen answered and afterwards filed an amended answer setting up various defenses; one that the contract of employment of the attorney was against public policy, in that it deprived the client of the right to settle the litigation without the attorney's consent, and took the control of the litigation away from the client, and that it further champertous and illegal, and was void because it attempted to convey an interest in the subject of the action, and was an attempt to convey a present undivided interest in the land, and was void against one in possession holding under color of title. Subsequent to filing suit Shepherd died, and the cause of action was revived in the name of his widow, and other counsel retained who completed the performance of the contract of employment.

A reply was filed to the amended answer and a jury waived and the cause was submitted to the court for trial. The journal entry of the judgment filed November 1, 1912, omitting the caption, is as follows:

"Now, on this the —— day of October, 1912, being a day of the regular October, 1912, term of this court, the above-entitled cause comes on for trial, in its regular order, pursuant to assignment, plaintiff appearing in person and by her attorney, J. B. Dudley, and the defendants appearing by their attorneys, Hocker and Moore. Both parties announce ready for trial, a jury being waived, whereupon the trial of said cause was had to the court without a jury, and the court, on consideration of the admissions, stipulations, and agreements of the parties hereto, made in open court, and after hearing the evidence, the argument of counsel, and being fully advised in the premises, finds the issues in favor of the plaintiff and against the defendants; that the statements and allegations contained in plaintiff's petition are true.

"The court further finds that on July 29, 1910, Maudie M. Lewis (nee Bunch), a member by blood of the Chickasaw Tribe of Indians, joined in by her husband, Charles A. Lewis, entered into a written contract of employment with R. W. Shepherd, by the terms of which she employed the said R. W. Shepherd, as her attorney, to institute all necessary suits in the district court of McClain county, Okla., in her behalf, to recover for her the possession of the real estate and premises referred to in plaintiff's petition, including the rents and profits therefrom,

same being the lands allotted to her by the Chickasaw and Choctaw Tribes of Indians of the Indian Territory, as her homestead and surplus allotments, and to cancel all deeds and lease contracts executed by her, the said Maudie M. Lewis (nee Bunch), and her husband, the said Charles A. Lewis, covering said lands, during her minority, which said contract of employment was thereafter and on August 4, 1910, at the hour of 1 o'clock p. m., filed for record in the office of the register of deeds of McClain county, Okla., and duly recorded in Book 23, on page 376, the original of which said contract of employment is attached to plaintiff's petition, marked Exhibit A and made a part thereof, and that under the terms of said contract of employment the said R. W. Shepherd was to receive, as his fee and compensation for his services in the institution of said suits, one-half of the value of said lands and the rental thereof; that thereafter and in pursuance of the terms and conditions of said contract of employment, and on August 8, 1910, the said R. W. Shepherd commenced an action in the district court of McClain county, Okla., in the name of Maudie M. Lewis (nee Bunch), plaintiff, against the said Charles R. Allen and others, being case No. 591, to recover the possession of said lands and the rents and profits thereof and to cancel all deeds and lease contracts and assignments thereof, executed by the said Maudie M. Lewis during her minority, affecting said lands; a certified copy of the petition so filed in said cause is attached to plaintiff's petition herein, marked Exhibit B and made a part thereof; that subsequent to the filing of said petition and on September 14, 1910, the said R. W. Shepherd, the attorney who commenced said action for the said Maudie M. Lewis, wrote upon said petition so filed by him in said cause No. 591, in these words: 'Lien claimed, R. W. Shepherd, attorney, September 14, 1910.'

"The court further finds that the said Maudie M. Lewis (nee Bunch) executed the various leases and deeds referred to and set out in the petition in said cause No. 591, and that at the time of the execution of the same she was a minor under the age of 18 years, and that by reason thereof said lease contracts and deeds were void and of no force and effect; that the said Maudie M. Lewis (nee Bunch) was born on April 13, 1892, and that on July 27, 1908, the said Maudie M. Lewis (nee Bunch), joined by her husband, the said Charles E. Lewis, conveyed said premises to the defendant Charles R. Allen, and that at the time of the execution of said deed the said Maudie M. Lewis (nee Bunch) was a minor, and that the action so instituted by the said R. W. Shepherd for and on behalf of the said Maudie M. Lewis, being case No. 591, was instituted, among other things, to set aside and cancel said deed and recover the possession of said lands for the said Maudie

M. Lewis (nee Bunch), and that she dissipated the amount paid her for said premises and did not have the same or any part thereof in her possession on April 13, 1910, or at any time subsequent thereto, and has no part of the same at this time.

"The court further finds that subsequent to the execution of said contract of employment and the institution of said action in the district court of McClain county, Okla., as aforesaid, being case No. 591, and while said action was pending and undetermined, and on the 26th day of September, 1910, the defendant Charles R. Allen, without the knowledge or consent of the said R. W. Shepherd, procured a new or second deed from the said Maudie M. Lewis for said premises, for a consideration of $500, which said deed was thereafter, and on September 27, 1910, at the hour of 8 o'clock a. m., filed for record in the office of the register of deeds of McClain county, Okla., and duly recorded in Book 24, on page 23, a true and correct copy of which said deed is attached to plaintiff's petition, marked Exhibit C and made a part thereof; that the said R. W. Shepherd was not present at the time of the execution of said deed, and had no knowledge of the execution thereof, and was not notified by the said Charles R. Allen that he would procure or attempt to procure said deed, and the same was procured and executed without his consent or knowledge; that thereafter the said Charles R. Allen answered in said case No. 591, and among other things pleaded said deed of September 26, 1910, as a defense to the cause of action set forth in plaintiff's petition, and that the taking of said deed, in effect, settled the plaintiff's cause of action set out in said cause No. 591, in so far as the title and possession of the lands was concerned, and the rents and profits therefrom after the execution of said deed.

"The court further finds that subsequent to the employment of the said R. W. Shepherd by the said Maudie M. Lewis (nee Bunch) the institution of said action No. 591 in said court, and the taking of said second or new deed of September 26, 1910, the said R. W. Shepherd, with the knowledge, consent and approval of the said Maudie M. Lewis (nee Bunch), associated J. F. Sharp, of Purcell, Okla., and J. B. Dudley of Norman, Okla., members in good standing of the bar of this court, and of the Supreme Court and all inferior courts of the state of Oklahoma, with him in the prosecution of said action; that thereafter the said R. W. Shepherd and his associate counsel prosecuted said action to judgment in said court and fully represented the said Maudie M. Lewis in the prosecution of said cause, in their capacity of attorneys for her, and fully performed the terms and conditions of said contract of employment and recovered a judgment for her in said cause for the rents and profits of said premises from the date of the execution of the first deed of

July 27, 1908, to the date of the second or new deed of September 26, 1910; that said Maudie M. Lewis (nee Bunch) in said action, at the time of the execution of said contract of employment, and the institution of said cause No. 591, and at the time of the trial thereof, had a just and meritorious cause of action against the said Charles R. Allen and others, the defendants in said action; that the said R. W. Shepherd and his associate counsel perfected an appeal from the judgment of said court in said action to the Supreme Court of this state, in so far as said judgment affects the title and right to possession of said premises, which said appeal is now pending and undetermined.

"The court further finds that the said R. W. Shepherd at the time of the execution of said contract of employment and the institution of said action, cause No. 591, as aforesaid, and for a long time prior thereto had been, and at the time of the trial of the said cause in said court was, a duly and regularly licensed practicing lawyer, in good standing, admitted to practice in the Supreme and all inferior courts of the state of Oklahoma; that he and his associate counsel duly, fully, and faithfully prosecuted said action for the said Maudie M. Lewis, looked after and protected her interest in said cause until his death.

"The court further finds that on April 2, 1911, the said R. W. Shepherd died at San Angelo, Tex., and left surviving him his widow, Grace E. Shepherd; that subsequent to his death the said Grace E. Shepherd was appointed as administratrix, with the will annexed, of the estate of the said R. W. Shepherd, and that she is now the duly appointed, qualified, and acting administratrix, with the will annexed, of his estate, and that this action has been revived in her name as administratrix, with the will annexed, of the estate of said deceased, and that she, the said Grace E. Shepherd, as the administratrix with the will annexed of the estate of said deceased, after her appointment and qualification as such, continued the employment of said J. F. Sharp and J. B. Dudley as associate counsel in said cause, with the knowledge, approval, and consent of said Maudie M. Lewis (nee Bunch), and that subsequent to the death of the said R. W. Shepherd, the said J. B. Dudley had continued to represent and look after the interests of the said Maudie M. Lewis in said action, including the prosecution to the said Supreme Court of this state (said J. F. Sharp being disqualified to further prosecute said cause, owing to the fact that he has become a member of the Supreme Court Commission of this state); that said appeal is now being prosecuted in said court by the said J. B. Dudley for and in behalf of the said Maudie M. Lewis satisfactorily to her, and that the said Grace E. Shepherd, as the administratrix with the will annexed of the

estate of the said deceased, has fully performed the contract of employment of said deceased with the said Maudie M. Lewis (nee Bunch) in the institution and prosecution of said cause.

"The court further finds that the reasonable market value of the lands in controversy, at the time of the execution of said second or new deed, in September, 1910, is $35 per acre or $7,735, and that the fair, reasonable rental value of said premises for the years 1910, 1911, and 1912, is $1,425 and that by reason of the employment of the said R. W. Shepherd by the said Maudie M. Lewis (nee Bunch), as aforesaid, and the institution and prosecution of said action, as aforesaid, and the settlement of said cause of action by the defendant Charles R. Allen, as hereinbefore stated, by the taking of the new deed of September 26, 1910, the defendant Charles R. Allen is indebted to the estate of the said R. W. Shepherd in the sum of $4,580, one-half of the total reasonable market value of said premises, and one-half of the total rental value of the same for the years 1910, 1911, and 1912, and that the plaintiff Grace E. Shepherd, as the administratrix with the will annexed of the estate of the said deceased, is entitled to judgment against him for said amount, with interest thereon at 6 per cent. from this date, and costs of suit.

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff Grace E. Shepherd, as the administratrix with the will annexed for the estate of R. W. Shepherd, deceased, have judgment against the defendant Charles R. Allen for the sum of $4,588, with interest thereon at 6 per cent. from this date, and cost of suit, and for which execution issue, to all of which the defendant Charles R. Allen excepts, and exceptions are by the court allowed.

"R. McMillan, Judge."

From that judgment Allen has perfected an appeal and assigned numerous errors, and able and ingenious arguments are advanced as reasons for a reversal. Most of these arguments, however, have been answered contrary to his contention by the decisions of this court rendered since the appeal was perfected. For instance, the contention that the contract of employment by the attorney was against public policy and void was denied by this court in Herman Construction Co. v. Wood, 35 Okla. 103, 128 Pac. 309, and again in Gulf, C. & S. F. R. Co. v. Williams, 49 Okla. 126, 152 Pac. 395, and later in Culver v. Diamond, 64 Okla. 271, 167 Pac. 223.

In the Culver Case, supra, the court enforced a contract of employment at the suit of the attorney, the contract being identical

in every essential feature with the contract in the instant case. This Culver decision also answers another contention of the plaintiff in error made in this case, that is, that the contract of employment was an attempt to convey a present interest in the land, and was void for that reason. Even if it were admitted that this was true, which is not clear from the terms of the contract, it clearly provides for the payment of one-half of the value of the land, and that is a legal and separate provision under the statute and enforceable under the decision in Culver v. Diamond, supra, notwithstanding the provision for one-half interest in the land might fall.

Again, the contention that the contract of employment was champertous and unenforceable as to Allen, since he was in the adverse possession of the premises under color of title, and the allottee had not been in possession for more than a year, or collected rents thereon during that period. This contention is denied by the decisions of this court, holding that the state statute defining champerty has no application to a conveyance of Indian lands, since their alienation is controlled entirely by acts of Congress providing therefor, Ashton v. Noble, 46 Okla. 296, 148 Pac. 1042; Murrow Orphan Home v. McClendon, 64 Okla. 205, 166 Pac. 1101; Miller v. Grayson, 64 Okla. 122, 166 Pac. 1077.

Again, it is also contended that the judgment cannot be sustained because it was necessary, in order to sustain a recovery, for the attorney to show that his client had a meritorious cause of action, and in order to make this showing in the instant case it was necessary to establish the fact that the allottee was a minor at the time she executed the deed to Allen on July 27, 1908, and inasmuch as there was no competent proof in the instant case of that fact the proof is insufficient, and the judgment is not supported by the evidence and must fall.

It will be recalled that the judgment rendered in the suit in which the attorney was employed, that of Allen v. Lewis, was set out in the answer of the defendant Allen and was made a part thereof in the instant case, and that a certified copy of that judgment was introduced in evidence by the defendant in error in the trial of the instant case, but it is contended that it was introduced under such a limitation, as to the purpose of the introduction, that it cannot be considered to establish the fact of the minority of the allottee at the time in question.

The limitation under which this judgment was introduced was as follows, as stated, by counsel at the time of offering it:

"For the further purpose of showing the nature of this cause of action and for the purpose of showing the reason that he claims such a lien."

That is, that judgment was offered in evidence, in the instant case, "for the purpose of showing the nature of this cause of action" and "for the purpose of showing the reason that he claims such a lien." The very purpose of the offer and the limitation placed thereon was to show that the client in the former action had a meritorious cause of action; otherwise there was nothing for which a lien could be established. The principal issue in that case was the minority of the allottee at the time of the execution of the deed of July 27, 1908. That very question was adjudicated in the judgment offered in evidence, and that adjudication established the fact of the minority, and therefore showed that the client had a meritorious cause of action in the suit that was settled without the consent of the attorney or notice to him as was claimed. It therefore appears to us that the limitations made of the purpose of the introduction of the judgment in the instant case did not prevent the court from accepting it for the purpose of establishing the one vital question of fact adjudicated by the judgment, namely, the minority of the allottee at the time in question. Therefore the contention made that the judgment is not supported by the evidence is not well taken.

Again, it is contended that the burden was on the attorney to show that a settlement of the case was made without his knowledge or consent and without notice to him, and that there is no proof of this fact in the record. This argument is met by the proposition that the trial court found that the settlement of the case was made without the knowledge or consent of the attorney and without notice to him, and as there was no demurrer to the evidence, or motion for judgment, the correctness of the trial court's finding cannot be raised at this time. Muskogee Electric Traction Company v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Van Arsdale & Osborne Brokerage Co. v. Hart, 62 Okla. 119, 162 Pac. 461.

Again, it is contended that no service of the notice of the claimant's lien was made upon the plaintiff in error, and therefore the lien cannot be sustained. It is not clear that Allen was entitled to such notice, or

that the same was necessary to establish his liability under section 3 of the act of March 4, 1909 (S. L. 1909, p. 118), but, assuming that such notice was essential, it seems that ample notice of the claim of an attorney's lien was given. It will be remembered that the contract of employment was acknowledged and filed in the office of the register of deeds in; the county where the land is located, and an indorsement on .the petition "lien claimed," by the attorney, although not made upon the petition at the time it was filed, was indorsed thereon 36 days thereafter, and prior to September 26th, the date of the second deed, and prior to the time that Allen answered in the case. It was alleged in the petition that Allen had actual and constructive notice of the claim of lien, and the trial court found that these allegations were sustained by the proof. This finding is binding on this appeal for the same reason as the finding last above discussed.

There is a learned discussion in the brief as to the distinction between "the cause of action" upon which the statute gives a lien to the attorney in section 1 of the act (Sess. L. 1909, p. 117), and "the subject of the action"—in the instant case the land involved—and it is argued that no lien is given by the statute against the land, and therefore the suit cannot be maintained. This argument is instructive, but it does not assist us in any practicable degree in deciding this lawsuit. The contract of employment in suit called for the rendition of specified services which were "entirely proper and legal" (Culver v. Diamond, 64 Okla.. 271, 167 Pac. 223), and in consideration thereof the client agreed to give as a fee an undivided one-half interest in the land that should be recovered, or "its value." It is not important in this case whether the lien given by the statute to the attorney to secure his fee attaches to the "cause of action" or to "the subject of the action," since it is not sought in this action to enforce the lien against the subject of the action—the land—the judgment appealed from being for the value of the interest in the land agreed to be paid. It is section 3 of the act that fixes the liability against Allen, which it was sought to enforce in this suit, by reason of his conduct as charged in the petition and found by the trial court to be true, namely, that he had settled the "cause of action" without giving the attorney notice and an opportunity to be present. This section reads as follows:

"Sec. 3. Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney, settle or compromise the cause of action or claim wherein is involved any lien, as mentioned in the preceding section hereof, without the attorney having notice and an opportunity to be present at such settlement, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him, under his contract of employment, and such attorney may enforce any lien provided for by this act in any court of competent jurisdiction by action filed within one year after he becomes aware of such compromise."

In this connection it may not be inappropriate to say that it is apparent from the record that the services stipulated to be performed by the attorney under the contract of employment, in the instant case, were performed with faithfulness and diligence, and that the client cannot charge the attorney with responsibility for the loss of her allotment, and that her own improvidence and disregard of prudent counsel must bear the whole burden of that misfortune.

The statute above set out clearly fixes the liability for the payment of the fee agreed upon with the client against the party "whose interest is adverse to the client," and who may make settlement with the client without giving the attorney an opportunity to be present, however philanthropic may be his intentions and purpose in such efforts to hasten the end of the litigation.

Again, it is contended that the judgment includes one-half of the rental value of the land, for the years 1910, 1911, and 1912, amounting to $712.50, and that this part of the judgment is not authorized by any allegation of the pleading or the evidence. We are inclined to think .this contention is correct. The petition asked for one-half interest in the land, or its value on money, $4,400. There was no allegation of damage sustained by reason of being kept out of possession and no prayer for damages. There was evidence introduced at the trial over objections tending to prove the rental value of the lands, but this proof was without the issues and incompetent, and was improperly admitted. The court gave judgment for one-half of the value of the land. Therefore it had no right to give judgment for the rental value of the land for the time the plaintiff had been out of possession. That part of the judgment was unauthorized, as without the issues and was erroneous. Choi v. Turk et al., 55 Okla. 499, 154 Pac. 1000; Severns v. English, 63 Okla. 84, 159 Pac. 917; Roth et al v. Union National Bank of Bartlesville et al., 58 Okla. 604, 160 Pac. 505. The plaintiff was en-

titled to interest on the amount of the judgment from the date of its rendition at the rate of 6 per cent. per annum, and this is supposed to cover all damages sustained by delay in payment.

We therefore conclude that if the defendant in error will file a remittitur of $712.50, effective November 1, 1912, the date of the judgment, with the clerk of this court within 20 days, the judgment appealed from should be affirmed, otherwise to be remanded to the trial court for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.